## PHILLIPS COUNTY VS. CLAYTON.

PROSECUTING ATTORNEY: *When the county liable for fee of.*

Under the provisions of sec. 1994, Gantt's Dig., upon the failure of a defendant, against whom judgment is rendered in a criminal proceeding to pay the costs, the county is liable for the prosecuting attorney's fee.

Phillips County vs. Clayton.

APPEAL from *Phillips* Circuit Court.
Hon. M. L. STEPHENSON, Circuit Judge.
*Wm. H. H. Clayton,* for appellant.
*U. M. Rose, contra.*

HARRISON, J.    Appellee, who was prosecuting attorney of
the first judicial circuit, filed in the county court of Phillips
county, his claim against the county for fees upon convictions
for the state in the criminal court of said county, in certain
cases, in which the same could not be made out of the estate
of the defendant, which fees had accrued since the passage of
the act of March 27, 1871, amending sec. 286 of the code of
criminal practice.

The county court refused to allow the claim, and he ap-
pealed to the circuit court.   In the circuit court he recovered
judgment for one hundred and ninety dollars, part of the de-
mand ; from which judgment the county has appealed to this
court.

The said section as amended (1994 of Gantt's Dig.) is as
follows:

" In judgments against the defendant, a judgment for costs,
in addition to the other punishment, shall be rendered, which
shall be taxed by the clerk for the benefit of the officers ren-
dering the services, and in case of failure by the defendant to
pay said costs, they shall be paid by the county where the
conviction is had."

It is contended by the appellant that the provisions of this
section are not intended to extend and apply to the fees of
prosecuting attorneys; because the act of July 23, 1868, by
which the fees of officers are fixed, expressly declares that the
fees of prosecuting attorneys therein mentioned, except in con-
victions for murder, shall not be allowed, unless the same shall
be made out of the estate of the defendant.

The section, we think, does not admit of such a construction.

There can be no question, for its language was plain and unmistakable, that the section, as it stood before amended, required the judgment to be for all costs, including prosecuting attorney's fees as well as the fees of the other officers of the court; and the object of the amendment is equally as clear to compel the county now to pay all the costs so adjudged in case of failure by the defendant to pay them.

There is then a manifest and irreconcilable inconsistency and repugnancy in this respect, between the two acts; and such being the case, the act of March 27, 1871, by a necessary implication, repealed so much of the prior act of July 23, 1868, as inhibited the county from paying the fees of prosecuting attorneys.

The judgment of the court below is therefore right, and is affirmed.