## JACKSON COUNTY *v.* NUCKOLLS.

### Opinion delivered February 5, 1912.

1. COUNTIES—LIABILITY FOR COSTS IN MISDEMEANORS.—The provision in Acts 1909, c. 207, section 7, that "the county in which the conviction is had for misdemeanor or felony shall pay all the costs of the prosecution from its appropriation for circuit court expenses," is not unconstitutional or invalid because it provides that the appropriation made by the quorum court for the expenses of all criminal proceedings should be designated as an appropriation for circuit court expenses. (Page 168.)

2. CONSTITUTIONAL LAW—STATUTES—VALIDITY.—The rule, in passing upon the validity of a statute, is to resolve every doubt in favor of its validity. (Page 168.)

3. COUNTIES—LIABILTIY FOR COSTS IN CRIMINAL CASES.—Under Acts 1909, p. 611, section 7, providing that the county in which a conviction is had for a misdemeanor or felony shall pay all the costs of the prosecution from its appropriation for circuit court expenses, the fees in misdemeanor cases before a justice of the peace are due as soon as the services are rendered, and must be allowed and paid as in cases of other costs, when the claims therefor are duly presented to the county court. (Page 169.)

Appeal from Jackson Circuit Court; *Charles Coffin,* Judge; affirmed.

*Otis W. Scarborough,* for appellant.

The levying of taxes for the county and making appropriations for the expenses of the county are vested solely in the quorum court, and the Legislature has no such power, except as applied to the State, and both are limited by the Constitution. 32 Ark. 676; 30 Ark. 101; Art. 16 § 11, Const.; Art. 7, § 30, Const. The action of the quorum court on any other matters except levying taxes and making appropriations for county expenses are void, and any act of the Legislature vesting it with any other power is unconstitutional and void. 36 Ark. 466; 32 Ark. 497. Making contracts and allowances for county expenses must be done by the county court when held by the county judge alone. 36 Ark. 641. The formation of the convict and road district and the contracts of the county court made pursuant thereto, in the absence of an express appropriation therefor by the quorum court, were in violation of the Constitution, § 12, art. 16, and the statute, Kirby's Digest, § 1502. 54 Ark. 645; 57 Fed. 1030; 61 Ark. 74; 85 Ark. 171; 93 Ark. 503. Fees in criminal cases can not be adjudged against a county except where there is express authority of law for so doing. 32 Ark. 45; 57 Ark. 487.

With or without a contract, the county court or the judge thereof can not work convicts confined in the county jail for nonpayment of fines and costs until the quorum court has made an appropriation therefor as provided by section 1104, Kirby's Digest. 68 Ark. 22; 85 Ark. 609.

*Ira J. Mack,* for appellee.

There is no contention but that the levy provided for in section 1499, Kirby's Digest, had been made.

The payment of costs in misdemeanor cases under the act 207 is no more a matter of contract than the payment of costs by the county in other instances. Neither is it a diversion of money appropriated for one purpose into another channel. It merely provides that the county shall be liable for certain fees, and that they shall be paid out of a certain fund.

Since the act does not provide a time when the fees are to be paid, the presumption is that they should be paid as other claims are paid, *i. e.,* when proper claims therefor are presented to the county court for allowance.

WOOD, J.   The purpose of this appeal is to determine when fees in misdemeanor cases in justice-of-the-peace courts, on conviction of the accused, are to be allowed and paid to the officers of such courts, the parties convicted having been turned over to the sheriff and by him delivered to the warden of the convict road district, under the provisions of act No. 207 of the General Assembly, approved May 6, 1909.   Section 7 of that act provides:

"The county in which the conviction is had for misdemeanor or felony shall pay all the costs of the prosecution from its appropriation for circuit court expenses, and any fine and costs paid by the convict shall be paid to any sheriff of the county in whatsoever court convicted, and such money shall be by said sheriff paid into the county treasury as aforesaid."

It was within the power of the Legislature to make counties liable for costs in misdemeanor cases tried before a justice of the peace where the parties charged are convicted, and to provide for the payment of such costs out of the funds appropriated for the payment of circuit court expenses.   The Legislature had the power to enact that the quorum court, when it made its appropriation for expenses of the circuit court, should take into consideration the costs accruing in misdemeanor cases, upon conviction, in magistrates' courts and to group the costs with the expenses of the circuit court, and to make the appropriation for the entire expenses of both courts under the one head of expenses of circuit court.   It would be an inapt designation, of course, on the part of the Legislature to call the costs accruing in magistrates' courts "expenses of circuit court," still it would not be unconstitutional for the Legislature to so enact.   The rule is, in passing on the constitutionality of an act, to resolve every doubt in favor of its validity. *Railway Co.* v. *Smith*, 60 Ark. 221; *Martin* v. *State*, 79 Ark. 236; *Road Imp. Dist.* v. *Glover*, 86 Ark. 231.

Section 1499, subdivision 1, Kirby's Digest, page 478, provides that the quorum court shall make appropriation "to defray the lawful expenses of the several courts of record of the county or district and the lawful expenses of criminal proceedings in magistrates' courts, stating the expenses of each of said courts separately.

While the quorum court, under this provision, would have

to designate the amount of. the expenses of each of said courts separately, there is nothing in the Constitution to inhibit the Legislature from enacting that the appropriation made for the payment of the expenses of these separate courts should be designated as funds for the payment of circuit court expenses.

As we construe the section under consideration, it is neither a levy nor an appropriation by the Legislature. It does not impinge upon the authority of the quorum court, which is the tribunal designated by the Constitution and statute for the purpose of levying taxes and making appropriations for the payment of court expenses, under section 30, article 7, of the Constitution and section 1499, subdivision 1, of Kirby's Digest.

The section under consideration makes no provision as to the time when the fees accruing in cases of conviction are to be paid. It provides for their payment, however, which necessarily implies that the fees are due as soon as the services are rendered, and should be allowed and paid, as in cases of other costs, when the claims therefor are duly presented to the county court.

The agreed statement of.facts upon which appellee obtained judgment in his favor in the circuit court showed that he presented his fee bill account to the county court for the sum of $3.90 as fees for trying a misdemeanor case in his court as justice of the peace; that one Bill Scott was tried before him as such justice for a misdemeanor, towit; gaming; that he was convicted, fined and committed to the jail of the county of Jackson for the fine and costs assessed against him, and was by the sheriff of the county delivered to the warden of the convict road district of Jackson County, and was still in charge of said warden, and had not, up to the time appellee presented his claim for allowance, worked a sufficient number of days to pay his fine and costs; that a portion of the fine and costs at that time was still due; that the fees claimed by appellee were the regular fees allowed by law for such services.

Under the facts as thus presented, in our opinion neither the question of levy or appropriation is involved, and only the constitutionality of the section above mentioned is brought into question. The constitutionality of the other provisions of the act, in regard to hiring out convicts, etc., are not properly here, and we therefore do not pass upon them.

The judgment of the circuit court is correct, and it is affirmed.