JACKSON COUNTY *v*. PICKENS.

4-7628 · 184 S. W. 2d 591

Opinion delivered January 15, 1945.

*Harry L. Ponder, Jr.*, and *J. Vernon Ridley*, for appellant.

*Fred M. Pickens*, for appellee.

SMITH, J. This cause was heard in the court below upon a stipulation as to facts from which it appears that the municipal court of the city of Newport in Jackson county was duly and legally created by an ordinance of that city, enacted April 17, 1944. Following the passage of the ordinance Fred M. Pickens was duly elected judge of this court and served as such. Harry Grimes was elected clerk of this court and was succeeded in office by O. T. Richardson, and each served for a time in that capacity. The salary of the judge was $2,400 per year, payable in monthly installments of $200. The salary of the clerk was $1,200 per annum, payable in monthly installments of $100.

Authority for the passage of this ordinance was derived from Act No. 60 of the Acts of 1927, p. 157, as amended by subsequent legislation.

It is stipulated that under the ordinance and the provisions of the legislative acts, Jackson county is liable for one-half the salaries claimed by the judge and clerks, and it was also stipulated that there was a balance of $9,000 from the appropriation for general county purposes in the general revenue fund. Claims for the services of these officers were filed with the county court and disallowed, but upon appeal to the circuit court they were allowed, and ordered paid, and this appeal is from that judgment.

These claims were disallowed for the reason that the municipal court had been created subsequent to the last prior meeting of the quorum court of the county, and no appropriation had been made for their payment. The appeal presents therefore, the single question, whether these claims may be allowed without an express appropriation having been made by the quorum court.

We think the court below correctly held that these claims should be paid, although no express appropriation for that purpose had been made. The case of *Crawford County* v. *City of Van Buren,* 201 Ark. 798, 146 S. W. 2d 914, is decisive of the question. In that case, as in this, the ordinance creating the municipal court was passed subsequent to the last prior meeting of the quorum court, and there had been therefore no express appropriation to pay the expenses of the court, yet we held the county liable therefor. This was upon the theory that the claims were not contractual obligations, but were of statutory origin resulting from legislation which imposed this obligation upon the county, and we held that the General Assembly possessed the power to impose this obligation upon the county. There was therefore no discretion in the county court to allow or disallow the claims, funds being available for their payment, and it was not essential that there should have been a specific appropriation for their payment inasmuch as there was an unexpended balance of the appropriation for general county purposes sufficient to pay the claims.

Section 16 of Act 60 of the Acts of 1927, as amended by Act 141 of 1935, requires the quorum court to make an

appropriation to pay the county's part of the expenses of this court, and provides that this duty may be enforced by mandamus. There was an appropriation for county general purposes and this appropriation would cover the county's part of the expense of this court, although the municipal court was not in existence when the appropriation was made. In contemplation of the law, this expense was one which might be, and, in fact, was imposed upon the county.

Adhering as we do to our decision in the Crawford county case, *supra,* the reasoning of which we do not repeat, it follows that the judgment here appealed from must be affirmed, and it is so ordered.