## HART v. HOWARD COUNTY.

COST: *Medical attention to prisoners: Liability of county for: Commitment to another county.*

Section 3890 of Mansfield's Digest authorizing a sheriff to commit a prisoner in his custody to the jail of some other county in the same circuit when the jail of his county is unsafe, is directory; and if committed to a jail in another circuit the county from which he is carried is liable for his expenses there, including necessary medical attention, to the same extent as if committed to a jail in the same circuit.

APPEAL from *Howard* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*A. B. & R. B. Williams* for appellant.

*Section 3883 of Mansfield's Digest* is broad enough to let in the employment of a physician and the allowance of reasonable compensation in case of violent sickness. The policy of the law and the dictates of humanity have ever been to provide for prisoners and convicts. The prisoner had no estate, hence the county is liable as it is for the costs of prosecution, feeding, etc.

*Section 3890 of Mansfield's Digest* is directory merely. Possibly the sheriff of Hempstead might have refused to receive the prisoner, but when he did so at the request of the sheriff of Howard, Howard County became responsible. No objection was made to the payment of the sheriff's fees, and this payment is an admission of Howard's liability.

SMITH, J. One Joe Polk had been sentenced to be hanged by the Howard Circuit Court, and pending an appeal to this court, had been placed by the sheriff in the

Hempstead County jail for safe keeping, the jail of Howard being insecure. The prisoner being taken violently sick, the appellant, a practicing physician, was called in by the sheriff of Hempstead, and visited, prescribed for and furnished him medicines until his death, a period of three months.

The doctor exhibited his bill against Howard County for $356, and the county court made an allowance of $200, rejecting the remainder of the claim as excessive. The claimant appealed to the Circuit Court, and there, under the directions of the court, the jury returned a verdict for the defendant.

The bill of particulars was duly verified, as required by section 1412 of Mansfield's Digest, in the case of claims against counties, and the proof was that the services were rendered and the medicines furnished under the circumstances above stated, and that the prices charged were such as were customary in the town where the prisoner was confined; that the prisoner had no property out of which the bill, or any part of it, could be made.

The charge of the court proceeds upon the theory that the statute does not expressly make counties liable for medical attention to prisoners either before or after conviction; and that, if there is any implied liability, it does not arise where, as in this case, the prisoner was taken for safe keeping outside of his judicial circuit.

*Section 3890 of Mansfield's Digest* enacts that the sheriff may, where there is no jail in his county, or the jail is insufficient, commit any person in his custody to the nearest jail in some other county in the same circuit. Now Hempstead and Howard, although adjacent counties, are in different circuits. But the language of the statute is directory merely. Possibly the jailor of Hempstead was under no legal obligation to receive this prisoner. But, certainly,

36

if he did take charge of him at the request of the sheriff of Howard, the latter county would be responsible to the same extent as if the commitment had been to some other jail in the same circuit.

The expenses of imprisoning a convict sentenced to suffer death, and all expenses attending the execution of the sentence, are placed on the footing of costs; that is, they are to be paid out of the estate of the convict; but if he had no estate, then by the county. (Compare *secs. 3884, 2338, 2342 of Mansfield's Digest.*) This includes, of course, the cost of feeding him until the day of execution arrives. And our law would be singularly deficient in humanity if it did not also include the attendance of a physician when necessary.

The Circuit Court erred in its directions to the jury and in denying the motion for a new trial. And for these errors its judgment is reversed and the cause remanded for further proceedings.