## CAIN v. WOODRUFF COUNTY.

### Opinion delivered March 1, 1909.

1. OFFICERS—LEGISLATIVE CONTROL.—Unless the Constitution otherwise expressly provides, the Legislature has the power to define the duties of an officer and to increase or vary those duties. (Page 459.)

2. SHERIFFS—FEES FOR KEEPING COUNTY PRISONERS.—Acts 1907, c. 136, providing that whenever any person committed to county jail shall declare on oath that he is unable to buy or procure necessary food, the sheriff or jailer shall furnish same, for which he shall be allowed the sum of seventy-five cents per day, is a valid exercise of the legislative power to fix and determine the fees and compensation of officers. (Page 460.)

3. SAME—REGULATION OF LOCAL CONCERNS.—Acts 1907, c. 136, fixing the amount which may be charged by the sheriff or jailer for feeding county prisoners, does not conflict with art. 7, § 28, of the Constitu-

tion, conferring upon the county courts exclusive original jurisdiction in local concerns of their respective counties. (Page 461.)

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Harry M. Woods,* for appellant.

1. The sheriff, in keeping the jail and feeding prisoners, does an official act. The Constitution, in creating the office of sheriff, did not define his duties; hence it is within the power of the Legislature to enact laws defining his duties. In performing the duties thus defined, he acts in his official capacity. Art. 7, § 46, Const. 1874; 27 Ark. 176; Kirby's Dig. § § 4399, 4400; 137 Mass. 191; 12 Fla. 652; 94 S. W. 328; 39 Mo. App. 161; 71 Ill. App. 280; 18 Tex. 188; 38 Neb. 131.

2. The Legislature, under art. 16, § 4, Const., has authority to fix the fees of the sheriff. In construing a statute, this court will sustain it unless there is a clear incompatibility between the act and the Constitution, and it will resolve all doubts in favor of the validity of the act. 76 Ark. 197; 11 Ark. 481; 15 Ark. 664; 60 Ark. 343; 56 Ark. 485; 39 Ark. 353. The Legislature having the power to fix the fees of officers, it is not within the province of the county court to change or alter the compensation provided by the law. 64 Ark. 162.

*J. F. Summers,* for appellee.

1. The committing of a prisoner to jail by the sheriff or other officer, for which he is allowed a fee as provided by law, is an official act; but the mere feeding of a prisoner after he is committed is not an official act within the spirit and meaning of the Constitution.

2. The act fixing the fee for feeding prisoners at seventy-five cents per day is in conflict with art. 7, § 28, of the Constitution. The exclusive jurisdiction conferred upon the county court as to local concerns of the respective counties is a constitutional restriction upon the Legislature with respect to local concerns of the several counties. Cooley on Const. Lim. 238; *Id.* 127; 57 L. R. A. 775; 56 L. R. A. 893; 48 L. R. A. 479.

FRAUENTHAL, J. The appellant, who is the sheriff and jailer of Woodruff County, presented to the county court of that county for allowance his account against that county for the keeping and feeding of certain prisoners. His account

amounted to $483.50, and was based on fixing the rate or charge for each prisoner per day at seventy-five cents. The county court allowed him the sum of $417.50 thereon, being at the rate of sixty-five cents per day for each prisoner; and refused to allow the difference of $66. The appellant then appealed to the circuit court, and in that court this case was tried by the court sitting as a jury upon an agreed statement of facts, from which it appears that the only issue in the case is whether the appellant is entitled under the law to seventy-five cents per day for keeping and feeding each prisoner as provided by Act No. 136 of the General Assembly of Arkansas of 1907, entitled "An act to amend section 4402 of Kirby's Digest." Acts, 1907, p. 328. If for said service he is entitled under that act to seventy-five cents per day, then he should recover $66; otherwise he should recover nothing. It is contended by appellee that this act of the Legislature is unconstitutional, and on that account the appellant is not entitled to seventy-five cents per day, as provided for in this act. The lower court declared as a matter of law that said act of the Legislature is unconstitutional and void, and that therefore the appellant was not entitled to recover, and rendered judgment against him for costs. And from that judgment an appeal is prayed to this court.

Act No. 136 of the General Assembly of the State of Arkansas of 1907, is as follows:

"Section 1. That section 4402 of Kirby's Digest be amended to read as follows:

"Section 4402. Whenever any person committed to jail upon any criminal process, under the laws of this State, shall declare, on oath, that he is unable to buy or procure necessary food, the sheriff or jailer shall provide such prisoner the food necessary for his support, for which he shall be allowed the sum of seventy-five cents per day, and if from the inclemency of the season, sickness of the prisoner or other cause, the sheriff or jailer is of the opinion that fuel or additional clothing is necessary for such prisoner, he shall furnish same, for which he shall be allowed a reasonable compensation.

"Section 2. That all laws and parts of laws in conflict herewith be and the same are hereby repealed, and this act take effect and be in force from and after its passage."

By section 46 of article 7 of the Constitution it is provided that: "The qualified electors of each county shall elect a sheriff, who shall be *ex-officio* collector of taxes unless otherwise provided by law."

And by section 4 of article 16 of the Constitution it is provided: "The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law."

Now, the Constitution does not define the duties of the office of sheriff. That is left entirely to the Legislature to fix and determine; and it is also left to the Legislature to fix the amount of the compensation that shall be paid for services required of such officer. It is well settled in the United States that, unless the Constitution otherwise expressly provides, the Legislature has the power to define the duties of an officer and to increase or vary those duties. Throop on Public Officers, § 19.

There is no provision in our Constitution that inhibits the Legislature from adding to or varying the duties of the office of sheriff. The office of sheriff, in this regard, is similar to the office of clerk. In the case of *State* v. *McDiarmid,* 27 Ark. 176, this court said: "The office of clerk as fixed by the Constitution is an office which the Legislature cannot absolutely abolish; but the duties to be performed and the fees to be paid is a thing wholly within the control of the Legislature." And this applies equally to the office of sheriff under our present Constitution. The Legislature, unless restricted by the Constitution, has full and plenary powers to adopt such policies and prescribe the duties which it demands of officers in carrying out such policies which it deems best for the peace and welfare of the people. *Straub* v. *Gordon,* 27 Ark. 625; *Carson* v. *St. Francis Levee District,* 59 Ark. 513.

Aside from the restriction of the State or Federal constitutions the Legislature is unfettered in the exercise of legislative power. The question as to whether the enactment is wise or expedient belongs exclusively for the General Assembly to determine. *State* v. *Martin,* 60 Ark. 343.

"The Constitution regards the county courts as political and corporate bodies that are to be controlled and regulated in their discretion by the acts of the General Assembly, and not as independent of or superior to it. As political and corporate bodies, they are required to conform their action to the rule of the Legislature, and in the exercise of their jurisdiction to proceed in the mode and manner prescribed by law. *County of Pulaski* v. *Irvin*, 4 Ark. 475; *Hudson* v. *Jefferson County Court*, 28 Ark. 359.

Now, the Legislature has prescribed the following duties to be performed by the sheriff, in addition to his other duties, and which are found in Kirby's Digest:

"Section 4399. The sheriff shall have custody and charge of the jails within his county, and all prisoners committed in his county, and he may appoint a jailer, for whose conduct he shall be responsible.

"Section 4400. It shall be the duty of the jailer to receive from constables and other officers all persons who may be apprehended by such constables or other officers for offenses against this State, or who shall be committed by any competent authority."

In addition to this, the Legislature of 1907 by the above act, No. 136, prescribed it the further duty of the sheriff to feed said prisoners. Now, this is a duty that is added by the law-making power of the State to the other duties required of the sheriff. It is connected with and is a part of the machinery provided for the enforcement of the criminal laws of the State. As is held in the case of *Hart* v. *Howard County*, 44 Ark. 560, the expense of imprisoning a convict and all expenses connected therewith are a part of the cost of the criminal proceedings; and "this includes, of course, the cost of feeding him."

In the performance of these duties the sheriff acts as an officer. He does not do these acts under an employment, but he performs them in his official capacity by virtue of the authority conferred and the duty prescribed by law. And therefore the receiving of the prisoner upon a commitment, the imprisonment of him and the keeping and feeding of him are all acts done by the sheriff under authority of law and in his official capacity.

The Constitution provides that the General Assembly shall

fix the fees and salaries of all officers of the State. In the case of *Humphry* v. *Sadler,* 40 Ark. 100, this court has said: "When an office is created by the Constitution, but the compensation is left to the discretion of the Legislature, it may be increased or diminished so as to affect the incumbent. And it makes no difference whether the compensation be by fees or salary."

The Legislature is therefore the final and supreme power to fix and determine the amount of the compensation that such officers shall receive for the duties prescribed.

As is said. in Throop on Public Officers, § 500: "The right of an officer to his fees, emoluments or salary is such only as is prescribe by statute.   *   *   *   The compensation for official services are not fixed upon any mere principle .of a *quantum meruit,* but upon the judgment and consideration of the Legislature, as a just medium for the services which the officer may be called upon to perform. These may in some cases be extravagant for specific services, while in others they may furnish a remuneration which is wholly inadequate."

The Legislature has provided as a fee or remuneration for the feeding of a prisoner the sum of seventy-five cents per day. It has the power to do this; and so it is the law.

It is urged by appellee that the above act No. 136 of the General Assembly of 1907 is in conflict with article 7, section 28, of the Constitution which is as follows:

"County courts . shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, apprenticeship of minors, disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided."

It is contended that the duty placed upon the sheriff to feed the prisoners is a matter of local concern of the respective counties, and so confided to the exclusive jurisdiction of the county court; and on this account the Legislature has no constitutional authority to fix the amount of the compensation therefor. But, as above seen, the feeding of the prisoners is a duty which the Legislature has prescribed to be performed by the sheriff as one of the duties of his office; and the Constitution provides

that the Legislature shall fix the amount of the remuneration for the performance of the service required by the observance of that duty. The Legislature may have determined that the performance of this duty demanded more than the mere furnishing of food; it may require and does require in the performance of this duty also the care, protection, supervision and responsibility of an officer.

The fees and salaries that are paid by the respective counties to their respective officers are matters of local concern to the respective counties; and yet no one doubts that the Legislature has the power to fix the amount of those fees and salaries, and does. It is because the exercise of that power is not in conflict with the provision of the Constitution relied herein upon by appellee. And so, too, the provisions of act No. 136 of the General Assembly of 1907 are not inhibited by that provision of the Constitution.

Reversed and remanded.