SEARCY COUNTY v. JORDAN.

Opinion delivered October 28, 1918.

COUNTIES—FARM DEMONSTRATION WORK—AUTHORITY OF COUNTY JUDGE.—
Under Acts 1911, c. 45, empowering quorum courts to appropriate
amounts to aid the Department of Agriculture in carrying on the
farmers' co-operative demonstration work "to be used at the direction
of the county judge," the amount so appropriated by the quorum
court can be expended only under the direction of the county judge.

Appeal from Searcy Circuit Court; *J. I. Worthington,* Judge; reversed and dismissed.

*Bratton & Bratton* and *Mills & Barr,* for appellant; *J. F. Koon,* prosecuting attorney.

1. The judgment is contrary to the law and the evidence. Appellee was not employed by nor working with the approval of the county judge, nor at his direction. The funds were not being used at the direction of the county judge. Kirby's Digest, § 1546. The language is mandatory.

WOOD, J. Appellee was a county farm demonstration agent in extension work in the South of the State Relation Service under the employment of the United States Department of Agriculture. As such special agent, he filed a claim against Searcy County for the sum of $720 for services rendered by him for the county during the year 1917. The county judge refused to allow the claim, and appellee appealed to the circuit court, and the cause was tried in the circuit court before the judge sitting as a jury.

Appellee testified that he served in the capacity of farm demonstrator for the county for eleven months; that the county owed him for such services the sum of $720, and that he had never been paid; that he tried all the year 1917 to co-operate with the county court; that he invited the judge to assist him in his farm meetings. The judge did not seem to want to take any stock in it. The judge made no objections to appellee, except he said he did not think it was worth anything to the people. Ap-

pellee devoted his entire time to the work. The county court and the tax levying court recommended another man in appellee's place. Appellee did not confer with the county judge or get his advice and find out whether he was willing for appellee to work. However, about the last of December, 1916, or the 1st of January, 1917, he wrote the justices of the peace to find out whether they wanted him, and he received letters from twenty-two or twenty-three justices of the peace, which was a majority, stating that they wanted him.

J. N. Bromley testified that he was the county judge of Searcy County from the latter part of December, 1916, and during all of the year 1917; that appellee was not acting as county farm demonstrator of Searcy County under his direction or with his consent, but on the contrary he was acting in direct opposition to his wishes; that he notified appellee of that fact; that no contract was ever made with appellee to do anything in 1917 for which the county was indebted to him; that he told the appellee and also the employees of the government who came with him, that the appellee was not qualified, and that he (the county judge) would not contract with him. Judge Bromley stated that he was not opposed to co-operation with the Department of Agriculture in the farm demonstration business of Searcy County, and that he tried to co-operate with them. It was agreed and entered of record that the levying court of Searcy County during the October term, 1916, made an appropriation of $750 for farm demonstration work.

The circuit court rendered judgment in favor of the appellee for the amount of his claim, from which is this appeal.

Act 45, Acts 1911, provides as follows: "The courts (quorum courts) are authorized and empowered to annually appropriate such an amount as may be deemed necessary, to be used at the direction of the county judge, in co-operation with the United States Department of Agriculture, to aid said department in carrying on the Farmers' Co-operative Demonstration work in such

county. Any claim against said appropriation shall be examined and allowed as required by law of other claims against the county.'' The only question presented is whether the money appropriated by the quorum court under the authority of the above statute can be expended for farm demonstration work, except under the direction of the county judge, and, as in the present case, not only without his direction but positively contrary to his will.

The statute, as we construe it, gives a plain negative answer to the question, for its express language is that the amount to be appropriated is ''to be used at the direction of the county judge.'' The only authority for the appropriation and the use of the money is to be found in the statute. The Legislature did not vest in the quorum court the power to make contracts for the expenditure of the money appropriated by it, and it was obviously the purpose of the Legislature to require that the money should be expended under the direction of the county judge. The Legislature designated the officer who should have that power, and it was not within the province of the quorum court, or the circuit court, or any other functionary, to substitute some one else in place of the agent named by the Legislature.

The language, as we construe it, is mandatory, and contracts made under and by any other authority than that of the county judge create no liability against the county. The judgment is, therefore, reversed, and the cause will be dismissed.