SMITH AND BUECHLEY *v.* HEMPSTEAD COUNTY.

Opinion delivered November 4, 1929.

O. A. *Graves,* for appellant.

L. F. *Monroe* and W. S. *Atkins,* for appellee.

HART, C. J., (after stating the facts). The quorum court, at its regular session in November, 1928, made the necessary appropriation to pay the salaries of appellants for the positions then filled by them for the ensuing year, and passed a resolution recommending their retention in their positions for the ensuing fiscal year. Appellants were reappointed to their respective positions by the State Extension Service cooperating with the United States Department of Agriculture to aid said departments in carrying on extension work in agriculture and home demonstration work in Hempstead County, Arkansas. The appointment of appellants as such agents was neither consented to nor ratified by the county judge or the county court. The agents

continued in their work, and presented their claims for salary to the county court, and their claims were disallowed.

Under the provisions of the original act on the subject, which is set forth in § 1983 of Crawford & Moses' Digest, quorum courts were authorized to annually appropriate such an amount as might be deemed necessary, to be used at the direction of the county judge, in cooperation with the United States Department of Agriculture, to aid in carrying on farm demonstration work. In *Searcy County* v. *Jordan,* 136 Ark. 138, 206 S. W. 129, the court construed this act to mean that it was the intention of the Legislature to require the money appropriated by the quorum court to be expended under the direction of the county judge. The court said that the Legislature did not vest in the quorum court the power to make contracts for the expenditure of money appropriated by it.

The correctness of this decision is not challenged by appellants, but they contend that the law has been changed by act 347 of the Acts of 1927, so that it is no longer necessary to obtain the approval of the county court to such a contract. Acts of 1927, p. 1104. Section 1 of the act reads as follows:

"Section 1. That § 1983 of Crawford & Moses' Digest of the Statutes of Arkansas be and the same is hereby amended to read as follows: 'Section 1983. The quorum courts of the respective counties of this State are hereby authorized and empowered to appropriate annually such amount as may be deemed necessary to be used in cooperation with the extension service of the College of Agriculture of the University of Arkansas and the United States Department of Agriculture, cooperating, to aid said departments in carrying on cooperative extension work in agriculture and home economics in such county. The county judge shall approve authorized claims against the county for such purposes, and such approved claims shall be paid by the county treasurer. However,

no claims shall be allowed in excess of the sum appropriated.''

It will be noted that the act does not give the quorum court any more power than the original act. By the terms of the statute, the quorum court has only the power to appropriate the money deemed necessary by it to aid in carrying on the work provided for in the statute, and in the case cited the court expressly said that the Legislature did not give the quorum court the power to make contracts for the expenditure of the money appropriated by it. Neither does the act give the State Extension Service or the United States Department of Agriculture, separately or together, the power to make a contract for the services provided for in the act or the power to appoint agents to carry out its provisions.

This is apparent from the language of the statute itself, and it necessarily results from the language used in the opinion above cited. The court said that the only authority for the appropriation and use of the money was in the statute. Under the original act the money was to be used at the direction of the county judge in cooperation with the United States Department of Agriculture. The court said that the Legislature had designated the county judge as the officer who had the power to make the contracts for the expenditure of the money, and this necessarily carried with it the power of appointment. This amounted to holding that our statute did not give the United States Department of Agriculture the power to contract for the expenditure of the money appropriated by the quorum court, and the resulting power of appointment.

Such holding is not changed by the fact that the present statute provides that the money appropriated shall be used in cooperation with the State Extension Service and the United States Department of Agriculture. The first sentence of the act under construction provides only for the appropriation of the money by the quorum court, to be used in cooperation with the State

Extension Service and the United States Department of Agriculture. It does not give any authority to these departments to contract for the expenditure of the money. That is done by the concluding sentence of the section, which provides that the county judge shall approve authorized claims against the county for such purposes. Here lies the source of power to make contracts for the expenditure of the money appropriated by the quorum court, and the authority must be vested in the county judge or county court, or it does not exist at all, and the statute would have to fail because its terms were not capable of enforcement. We are of the opinion, however, that the language used by the Legislature, when read in connection with the opinion of the court heretofore stated, clearly evinces an intention to continue the power to make contracts, and to expend the money in the county judge or county court in the same respect as the authority was given under the original act.

The county court, in the case at bar, refused to enter into a contract with appellants or to appoint them to carry on the work provided for in the statute, and they had no right to continue the work and bind the county for the payment of their salaries. The circuit court correctly held that the county court was not liable for the salaries of appellants as such agents, and the judgment of the circuit court will therefore be affirmed.