WATSON AND SMITH *v*. UNION COUNTY.

4-4523

Opinion delivered February 8, 1937.

*Coulter & Coulter,* for appellants.
*Alvin D. Stevens,* for appellee.

McHANEY, J. The agreed statement of facts in this case shows that the quorum court of Union county properly and regularly appropriated the sum of $1,800 to pay the salary of a Home Demonstration Agent for the county for the year 1933, at the rate of $150 per month; that appellant, Myrtle Watson, was employed by the county judge under a verbal contract (no order being made by the county court with reference thereto), to act as such agent for the year 1933 at said monthly salary; that she entered upon her duties and performed same for the whole year, acting under said agreement; that she was paid the sum of $900, and that the sum of $900 is still due her, if the contract is valid and binding. It is further agreed that the county had sufficient funds at the close of said year in its general fund to more than pay said claim.

It is further stipulated that at the same time the quorum court appropriated $1,800 to pay the salary of a Farm Demonstration Agent for the county for the year 1933, at the rate of $150 per month; that appellant, Lynn Smith, was employed by the county judge under a verbal contract (the county court not having made any order with reference thereto), to act as such agent; that he entered upon his duties, worked for a time and resigned, leaving the county owing him for two months' pay. It is further stipulated that the county judge, if present, would testify that about April, 1933, he advised both appellants that he could not tell whether there would be sufficient funds to pay salaries to the end of the year 1933; that, if there were sufficient funds, salaries would be paid in accordance with the agreement, but if not sufficient, they would not be paid; and that shortly thereafter, appellant, Smith, resigned. Claims were filed in the county court based on the above facts, and the court disallowed both claims. An appeal was prosecuted to

the circuit court, where the claims were again disallowed, and the case is here on appeal.

Section 1983, Crawford & Moses' Digest, as amended by act 347 of the Acts of 1927, page 1104, reads as follows: "The quorum courts of the respective counties of this state are hereby authorized and empowered to appropriate annually such amount as may be deemed necessary to be used in cooperation with the Extension Service of the College of Agriculture of the University of Arkansas, and the United States Department of Agriculture, cooperating, to aid said departments in carrying on Cooperative Extension work in agriculture and home economics in such county. The county judges shall approve authorized claims against the county for such purposes, and such approved claims shall be paid by the county treasurer. However, no claims shall be allowed in excess of the sum appropriated."

It is conceded that no order was entered on the county records employing either of appellants, and that the county court, as such, took no action in the matter of making the contracts in the first instance. It is stipulated that the contracts were verbal, and with the county judge and not the county court. By § 28, article 7, of our Constitution, county courts "have exclusive original jurisdiction in all matters relating to county taxes, * * * the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concern of the respective counties. * * *" Section 2279, Crawford & Moses' Digest, provides: "The county courts of each county shall have the following powers and jurisdictions: 'Exclusive original jurisdiction in all matters relating to county taxes, * * *; to audit, settle and direct the payment of all demands against the county; * * *; to disburse money for county purposes, and in all other cases that may be necessary to the internal improvement and local concerns of the respective counties.' "

In *Rebsamen, Brown & Co.* v. *Van Buren Co.,* 177 Ark. 268, 6 S. W. (2d) 288, after quoting the above sections of the Constitution and statute, we said: "Thus it will be seen that, by the Constitution and statutes of

this state, the county court and not the county judge had the power and authority to make the contract here involved.'' While the act of 1927, above cited, provides ''that the county judge shall approve all authorized claims against the county for such purposes, and such approved claim shall be paid by the county treasurer,'' the act evidently means that the county court shall do so. We have many times held that the county court acts judicially in allowing claims. *Monroe County* v. *Brown,* 118 Ark. 524, 177 S. W. 40; *Seelig* v. *Phillips County,* 129 Ark. 473, 196 S. W. 456. The agreed statement of facts above-recited shows that appellant, Myrtle Watson, was paid $900 of her salary. Necessarily the county court approved those salary claims and allowed them for payment before she could be paid, and we are of the opinion that having done so, it was a judicial action of the county court which amounted to a ratification of the previous contract made by the county judge which was not binding, because made by the judge and not the court. A similar situation existed in *Leathem* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570, Ann. Cas. 1917D, 438. It was there held, to quote a syllabus, as follows: ''When a county court is authorized to do an act purely administrative in its character, such as make a contract, it may also ratify such act, when done by the county judge in vacation, and thereby bind the county as effectively as if the contract was made by the county court in the first instance.''

Contracts of the kind in question are within the exclusive jurisdiction of the county court, and the fact, that the quorum court made an appropriation for the purpose has no binding effect upon the county, unless the county court enters into the contract, or thereafter ratifies his action as the county judge in doing so. *Searcy County* v. *Jordan,* 136 Ark. 138, 206 S. W. 129; *Smith & Buechley* v. *Hempstead County,* 180 Ark. 272, 21 S. W. (2d) 178. As said in the case of *Leathem & Co.* v. *Jackson County, supra*: ''The county may, like an individual, ratify an unauthorized contract made in its behalf, if it is one the county could have made in the first in-

stance. Such ratification will be equivalent to original authority.''

Since the contract with appellant, Myrtle Watson, is one the county could have made in the first instance, acting through the county court, and since the unauthorized contract made by the county judge with her was ratified by the subsequent action of the county court in allowing her claims for salary, we think the contract in so far as this appellant is concerned, is valid and binding, and that the county is indebted to her in the amount of $900, but without interest

As to appellant, Lynn Smith, a different situation exists. The contract made with him by the county judge was not authorized, and the county was not bound by it, and there is no evidence of any ratification by the county court in any manner. According to the agreed statement of facts, he has not been paid anything, and his claim for the time he did work was disallowed. The contract with him being invalid and not having been ratified, the county is not bound. As to him, the judgment of the circuit court will be affirmed, and as to appellant, Myrtle Watson, the judgment will be reversed, and the cause will be remanded to the circuit court with directions to enter a judgment in her favor against the county for $900, and the costs of this action, and to certify same to the county court for its action thereon.