PARKER, COUNTY JUDGE *v.* ADKINS.

5-376                                    266 S. W. 2d 799

Opinion delivered April 5, 1954.

*R. T. Boulware* and *J. W. Patton, Jr.,* for appellant.

*Pat Robinson* and *Shaver, Tackett* and *Jones,* for appellee.

ROBINSON, J.    Act 53 of the General Assembly of 1951 provides for the employment of a deputy sheriff in the several counties ''whose primary duties will be to work with and assist the Junior Deputy Sheriffs League''.    A salary not exceeding $300 per month is authorized.    The Quorum Court of Lafayette County appropriated $3,000 to pay an annual salary for such a deputy.    The Sheriff of the county appointed appellee John E. Adkins as a deputy in connection with the Junior Deputy work; the county court refused to allow the claims for his salary, and Adkins appealed to Circuit Court.    There the claims were allowed and the county court directed to approve them.    A. B. Parker, the County Judge, has appealed from the order of the Circuit Court.

Act 53 of 1951, Ark. Stats., § 12-1116, provides: ''Hereafter, the Quorum Courts of the several counties of this State are authorized to employ and pay the salary of,

and purchase necessary equipment for an additional Deputy Sheriff, whose primary duties will be to work with and assist the Junior Deputy Sheriffs League. Said Deputy Sheriff may be paid any sum not to exceed Three Hundred Dollars ($300.00) per month.''

It is the contention of appellant that only the County Court is authorized to employ a deputy sheriff in pursuance to Act 53. As a basis for this contention it is alleged that § 28 of Article 7 of the Constitution of Arkansas vests in the County Court the exclusive jurisdiction to make contracts for the county and that the employment of a deputy sheriff in the circumstances necessarily embodies a contract of employment. It is thus reasoned that the County Court has exclusive jurisdiction to enter into the contractual relation on the part of the County, and in this case since that court did not make such an agreement, appellee Adkins can not recover for the work he has done as an appointee to the position of deputy sheriff.

We believe a proper construction of Act 53, one which would give effect to the Act, is that the sheriff may appoint a deputy for certain purposes when the Quorum Court makes an appropriation to pay the salary of such deputy. This construction is compelling when all the ramifications and possible consequences of the employment of a deputy sheriff are considered.

The office of sheriff is constitutional; Arkansas Constitution, Article 7, § 46. Ark. Stats., § 12-1105 provides: ''Each sheriff in the state may appoint one or more deputies, for whose official conduct he shall be responsible.'' It is hard to believe that by Act 53 of 1951 the legislature intended that someone other than the sheriff would have authority to appoint a deputy sheriff for whose official conduct the sheriff would be responsible. If this were true, conceivably the sheriff's worst enemy could be appointed as his deputy. Further, Ark. Stat. § 12-1106 provides: ''Such appointment shall be in writing under the hand of the sheriff, and shall be filed and recorded in the Recorder's Office in the county.''

It being determined that the legislature by Act 53 authorized the sheriff to appoint a deputy for the purpose stated in the Act and authorized the Quorum Court to make an appropriation to pay the salary of such deputy, the question arises: Is it necessary for the County Court to enter into a contract of employment on behalf of the County with the deputy sheriff before the County must pay the deputy sheriff's salary?

Appellant cites *Watson and Smith* v. *Union County,* 193 Ark. 559, 101 S. W. 2d 791, holding that the approval of the County Court is necessary to give validity to the contract of employment of county demonstration agents. It was held that such contracts of employment were exclusively within the jurisdiction of the county court, but because the county court has exclusive jurisdiction to employ county demonstration agents it does not necessarily follow that such court has exclusive jurisdiction to employ deputy sheriffs.

In *Cain* v. *Woodruff County,* 89 Ark. 456, 117 S. W. 768, it is said: "By § 46 Article 7 of the Constitution it is provided that: 'The qualified electors of each county shall elect a sheriff, who shall be *ex-officio* collector of taxes, unless otherwise provided by law.' . . . Now, the Constitution does not define the duties of the office of sheriff. That is left entirely to the Legislature to fix and determine; and it is also left to the Legislature to fix the amount of the compensation that shall be paid for services required of such officer . . . There is no provision in our Constitution that inhibits the Legislature from adding to or varying the duties of the office of sheriff."

In the case at bar the legislature added to the duties of the sheriff by authorizing him to employ a deputy to work with the Junior Deputy Sheriffs League at a salary not exceeding $300 per month, and authorized the Quorum Court to make an appropriation to pay such a salary. In the *Cain* case the legislature authorized the sheriff to feed the prisoners of the county and fixed the compensation therefor to be paid by the county; and there

it was held that the legislative act authorizing the sheriff to feed the prisoners and fixing the compensation therefor was not contrary to the Constitution.

In *Jeffery, County Judge* v. *Trevathan,* 215 Ark. 311, 220 S. W. 2d 412, this court in speaking of *Cain* v. *Woodruff County, supra,* said: "It was claimed that a legislative enactment, requiring the county to pay the sheriff seventy-five cents per day for feeding each prisoner, was void as violative of the county court's power under said Art. VII, § 28 of the Constitution" and then the Court quoted with approval from the *Cain* case as follows: "The Legislature, unless restricted by the Constitution, has full and plenary powers to adopt such policies and prescribe the duties which it deems best for the peace and welfare of the People . . . The Constitution regards the county courts as political and corporate bodies that are to be controlled and regulated in their discretion by the acts of the General Assembly, and not as independent of or superior to it. As political and corporate bodies, they are required to conform their action to the rule of the Legislature, and in the exercise of their jurisdiction to proceed in the mode and manner prescribed by law. *County of Pulaski* v. *Irvin,* 4 Ark. 473; *Hudson* v. *Jefferson County Court,* 28 Ark. 359."

In *Crawford County* v. *City of Van Buren,* 201 Ark. 798, 146 S. W. 2d 914, the city filed a claim against the county for a portion of the expense of the municipal court. The county court disallowed the claim on the theory that the attempt to impose upon the county a portion of the expenses of the municipal court was in violation of §§ 28 and 30 of Article 7 of the Constitution. In that case, Mr. Justice Frank Smith said: "We do not think, however, that these sections of the constitution operate to deprive the general assembly of the power to impose duties upon counties and to require counties to pay therefor. Our cases are to the contrary. For instance, in the case of *Polk County* v. *Mena Star Co.,* 175 Ark. 76, 298 S. W. 1002, there is an enumeration of various items of expenses imposed upon counties by legislative enactment. In the case of *Burrow, County Judge*

v. *Batchelor,* 193 Ark. 229, 98 S. W. 2d 946, there was involved an act of the general assembly requiring all counties to pay salaries of circuit court and grand jury stenographers. This act was upheld, it being there said that these salaries must be paid as long as there is money in the county general fund to pay them, and that it was not discretionary with the county court to allow them, and that if it failed to do so the circuit court might compel the county court to perform this ministerial duty.''

In the case at bar the legislature authorized the sheriff to appoint a deputy for certain purposes, and authorized the Quorum Court to appropriate a salary to pay such deputy. In view of what has been said, we do not believe this was in violation of the constitutional provision prescribing the jurisdiction of the county court.

The circuit court's action in directing that the salary of the deputy sheriff be paid is correct, and the judgment is therefore affirmed.