COWLING v. HOWARD COUNTY, ARK.

5-1526 312 S. W. 2d 186

Opinion delivered April 14, 1958.

*George E. Steel; Wright, Harrison, Lindsey & Upton* and *Wm. M. Stocks,* for appellant.

*W. G. Spencer* and *Don Steel,* for appellee.

ED. F. McFADDIN, Associate Justice. The question here presented is the power of the County Court to disallow a portion of the monthly salary claim of the Deputy Tax Assessor.

During all the time herein involved, Jim Cowling was the duly elected, qualified, and acting Tax Assessor of Howard County. On January 1, 1957 he duly appointed the appellant, Mrs. Nellie Cowling, as the Deputy Tax Assessor of Howard County. Her appointment and oath of office were duly filed and recorded. Her claim for salary for $450.00 for January, February, and March, 1957 (at $150.00 per month) was duly allowed and paid by order of the Howard County Court. Appellant filed her salary claim for $450.00 for April, May, and June, 1957 (at $150.00 per month); and the County Court disallowed the salary for April, making the notation, "$150.00 for April, 1957 disallowed — no service rendered."

Appellant refused the $300.00 and duly appealed to the Circuit Court. There, on trial *de novo,* the $450.00 claim was allowed for $375.02. The Circuit Court found that appellant was entitled to full salary for May and June at $150.00 per month, but that she had only worked a portion of April so was entitled to only $75.02 for

that month. From the refusal of the Circuit Court to allow the full salary of $150.00 for April, the appellant prosecutes this appeal; and from the allowance of any salary for April, the appellee, Howard County, prosecutes its cross appeal. It is not claimed that Howard County is without ample funds: the defense is that the County Court had the power to determine what amount, if any, should be paid to the Deputy Tax Assessor for services in any month.

Many interesting questions are briefed by able counsel for the parties; but we conclude that the salary allowance for the Deputy Tax Assessor is mandatory on the County Court. Such conclusion makes it unnecessary to consider the other questions, and requires a reversal on the direct appeal and a dismissal of the cross appeal.

It was stipulated that by the 1950 census the population of Howard County was 13,342. Act No. 426 of 1955 is captioned: *"An Act to Classify Counties According to Population; to Fix the Compensation for County Assessors; to Provide for Deputy County Assessors, and their Compensation; to Provide for Payment of Expenses of the County Assessor's Office; to Repeal Certain Laws in Conflict Herewith; and for Other Purposes."* The germane portions of the Act provide:

"Section 1. For the purposes of determining the salary of each County assessor of the Counties of this State, to determine the number of authorized deputies for each such assessor, and their salaries, but for no other purposes, the Counties of the State shall be classified according to population as determined by the United States decennial census, as follows . . .

"(h) Class 8 shall include all counties with a population of not less than 13,000 nor more than 15,000 people . . .

"Section 2. The compensation for each County Assessor, and his deputies, shall be as follows: . . .

"(h) Each County Assessor of a Class 8 County shall receive $3,600.00 per annum. Each such Assessor

may employ one deputy with a salary not to exceed $1,800.00 per annum, or two or more part time deputies with salaries not to exceed, in the aggregate, $1,800.00 per annum . . .

"Section 6. The General Assembly of the State of Arkansas hereby finds that the assessed values of the real and personal property of this State are unequal, requiring a reassessment thereof, that inequities exist in the compensation received by County Assessors, and that many County Assessors' offices are understaffed on account of changes in population; . . .

In *Polk County* v. *Mena Star*, 175 Ark. 76, 298 S. W. 1002, we said that the claims to defray the expenses of making assessments and tax books ". . . are imposed on the counties by law and about which the County Court is substantially without any discretion." In *Burrow* v. *Batchelor*, 193 Ark. 229, 98 S. W. 2d 946, we held that the Legislature had the power to fix the salary of certain officials and to require payment of same by the County Court. In *Parker* v. *Adkins*, 223 Ark. 455, 266 S. W. 2d 799, the County Court ruled that it had the power to refuse to pay the salary of a Deputy Sheriff, the appointment of whom had been authorized by the Legislature. We held that the Act of the Legislature authorizing the Sheriff to appoint a Deputy for certain purposes made it mandatory on the County Court to pay the salary when the procedure for the appointment of the Deputy had been duly followed. We ruled: "In view of what has been said we do not believe this was in violation of the constitutional provision prescribing the jurisdiction of the County Court."

By Act No. 426 of 1955 the General Assembly has authorized and empowered the Tax Assessor of Howard County to appoint a Deputy and has fixed the salary of such Deputy. The Tax Assessor of Howard County appointed only one deputy, being the appellant herein. The Tax Assessor testified that the Deputy performed all the services required of such Deputy and did so in a satisfactory manner. It was, therefore, the duty of the

County Court to allow the salary claim of the Deputy, as such duty was imposed on the County Court by the Legislature.

The judgment of the Circuit Court is reversed and the cause is remanded to the Circuit Court with directions to enter judgment for the full salary claim of the appellant and certify such judgment to the County Court for payment. The appellant will recover all costs of all courts.