The Honorable Gordon Webb Prosecuting Attorney P.O. Box 483 Harrison, Arkansas 72601
Dear Mr. Webb:
This is in response to your request for an opinion concerning the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 et seq. (1987 and Cum. Supp. 1991). You describe a situation in which the Boone County Quorum Court held an executive session which was tape-recorded. The tape of the executive session is now needed by the sheriff as evidence for a criminal investigation. My understanding of the surrounding facts is as follows:
 An executive session of the quorum court was held to hear information from an employee about alleged misdeeds of another employee, which might have led to the disciplining or termination of the other employee, who was not present. During the session, it is alleged that a quorum court member struck the employee attending the session. The employee who was allegedly struck has filed a criminal complaint against the quorum court member alleging battery in the Third Degree (a class A misdemeanor). After the sheriff's office had begun investigating the incident, it was discovered that a tape recording of the session existed. The sheriff's office contacted the county clerk to obtain a copy of the tape as evidence in the criminal case. The county attorney objected to the seizure of the tape due to concerns about the content of the tape being, at some point, made available to the public.
You have suggested a course of conduct with regard to the tape which you believe will adequately protect the needs and concerns of the law enforcement authorities and the county alike. You ask my opinion as to whether this course of conduct will comply with the Freedom of Information Act and adequately protect the record of a quorum court in executive session from disclosure as a public record. You have suggested the following:
 The tape recording would be turned over as evidence to the criminal investigator from the Sheriff's Office, who would maintain it as a non-public record in his open criminal investigative file. As a part of his investigation, he would listen to the tape and extract from it those portions of the tape that contain evidence relevant to the alleged criminal events. The rest of the tape would not be transcribed but would remain sealed in an envelope marked as a non-public record while in the investigator's file as long as this case remains open and undisposed. In that fashion, the tape will be available to any defense counsel in the future should it be wanted to be reviewed as evidence by the defense counsel. In the meantime, we will have the portion of the tape valuable as evidence available to the investigation.
 Obviously, if charges are not filed or if the tape does not contain any valuable evidence, the tape would simply be returned to the county clerk upon that determination and would remain what it is now, which is a non-public record of the quorum court. If the case were filed and the portion of the tape were considered valuable as evidence, that portion would be available for playing or introduction during the course of the trial, and the balance would remain in the investigator's file subject to discovery by the defense, but in a non-public record. Upon disposition of the case and the closing of the file, it would be understood that the tape would be returned to the County Clerk to be held by the County Clerk as a non-public record and only those portions of the tape which had evidentiary value would remain with the criminal case as evidence and therefore a public record.
The factual situation presented, and your suggested course of action, raise many issues under the FOIA. These issues will be discussed below. It is my opinion, however, to summarize, that generally the procedure you have outlined is lawful, and the tape will not be subject to disclosure under this procedure. In my opinion, however, two additions to your proposed course of action are necessary in order to fully comply with the law.
First, it appears that in order to assure technical compliance with the law, the sheriff should either use a prosecutor's subpoena, or get an order from a court before taking possession of the tape. Second, it is my opinion that after the sheriff excises a portion of the tape for use at trial, this portion is not thereby automatically made subject to disclosure.[1]
The county should look to the court hearing the battery charge to determine who may have access and under what circumstances. The tape is, in my opinion, exempt from disclosure under the FOIA. The extent to which persons may have access to it will depend upon the exercise of overriding statutory or judicial power.
With those conclusions stated, I will now address the reasons behind them. A tape of an executive session is generally exempt from disclosure under the FOIA. See generally CommercialPrinting Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790
(1977).[2] It is my opinion in this instance, however, that the executive session held by the Boone County Quorum Court may not have been held in accordance with law. It is my understanding that the session was called to hear information from an employee about the alleged misdeeds of another employee. This information might have led to the disciplining or termination of the employee whose conduct was in question. Under the FOIA, executive sessions are allowed only for the purposes of discussing "employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." A.C.A. § 25-19-106(c)(1). The general topic of the executive session in this instance would appear to come within this mandate. The session was to discuss the possible disciplining or termination of a public employee. The FOIA is very specific, however, on who may attend an executive session. The act provides that:
 Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved; and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
A.C.A. § 25-19-106(c)(2)(A) (1987).
If the employee who was present at the session was not the top administrator in the public agency or the immediate supervisor of the employee whose conduct was being considered, this employee attended the executive session contrary to law.[3] This fact, however, does not appear to make the tape of the session a public document. A similar situation occurred in CommercialPrinting, supra. This case involved a tape of an executive session where two persons attended who were not authorized to attend under law. The court stated:
 The procedural irregularity of allowing agents of the Board whose assistance the Board sought in its effort to determine whether certain lower echelon employees of the Department of Correction should be disciplined should not be held to destroy the confidential nature of an otherwise valid executive session. The individuals whose rights are protected by the exception to the Freedom of Information Act should not be penalized because of an innocent mistake by a board or commission which has at all times acted in good faith.
261 Ark. at 478. See also Telegraph Herald, Inc. v. City ofDubuque, 297 N.W.2d 529 (Iowa 1980) (stating that tape of an illegally held executive session did not become a public record, although actions taken at session may be void), and Texas Attorney General Opinion No. JM-995.
It is thus my opinion that the tape of this executive session, based upon the facts as I understand them, is exempt from disclosure under the FOIA.
The next issue becomes whether the county clerk should give the tape to the sheriff for use in his investigation. The answer to this question turns upon the power of the sheriff to seize or compel the tape. This is true because it is said that exemptions for records under the FOIA are mandatory. See Watkins, TheArkansas Freedom of Information Act (mm Press, 1988) at 61. That is, if a record is exempt under the FOIA, the agency holding the record may not disclose it even if it wishes to. A question may arise, however, as to whether this tape is a "record" under the FOIA, or actually the tangible embodiment of the "meeting." The distinction is important because if the tape is a "record," the exemption is mandatory and the record may not be disclosed unless compelled by other superseding authority (i.e., a court order or subpoena). If the tape is really the embodiment of the meeting, a different standard applies. Under the FOIA, a public governing body may vote to hold executive sessions on limited matters, but it is not required to do so. The provision for executive sessions is permissive. Thus, if the tape is viewed as the embodiment of the meeting, it appears that the governing body could vote to make the tape a public record if it chose to do so.
In any event, without a vote, it is my opinion that the county clerk may not turn the tape over to the sheriff unless the sheriff possesses authority to compel production of the tape. This office has previously opined that the FOIA does not address "who may or who may not review documents by virtue of an official position." Opinion No. 89-330; see also Opinion No. 91-013. Both opinions held that certain officials (civil service commissioners and members of the General Assembly) could, pursuant to their subpoena power, compel records which were otherwise exempt under the FOIA. It also appears that a prosecutor, through the use of a prosecutor's subpoena, could compel the evidence. See generally City of Fayetteville v.Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (referring to a prosecutor's subpoena used to compel evidence, the disclosability of which was in question), and In the Matter of Subpoena ofJames Badami, No. Civ. 91-1066, Circuit Court of Pulaski County, Fifth Division, appeal pending (holding prosecutor's subpoena effective to compel information made confidential by statute and court rule, not under the FOIA). In my opinion, a sheriff would have to exercise similar superseding authority in order to obtain the tape from the county clerk.
The authority of sheriffs (created under art. 7, § 46 of the Arkansas Constitution) to compel evidence under Arkansas law for use in investigations is unclear. See, however, generally
A.C.A. § 16-92-109(a)(2) (referring to a sheriff's power of investigation). We have found no statute providing a procedure in this regard. It has been said that sheriffs retain the powers with which they were invested at common law. Scott v. State,1 Md.App. 481, 231 A.2d 728 (1967); see also Maxwell v. AndrewCounty, 347 Mo. 156, 146 S.W.2d 621 (1940). It may be that Arkansas sheriffs retain the common law power to compel evidence under this theory. Cf. Cain v. Woodruff, 89 Ark. 456 (1909). Because the issue is unclear, however, it is my opinion that the sheriff should request a prosecutor's subpoena to obtain the tape, or get an order of a court of competent jurisdiction to issue an order requiring the county to produce the tape for purposes of the investigation.
The next issue involves the confidential status of the tape once it is in the hands of the sheriff. As stated previously, tapes of executive sessions, even if unauthorized persons attended, are exempt from disclosure under the FOIA. Commercial Printing,supra. In my opinion, the fact that the tape is then transferred to the sheriff's department does not vitiate its exempt status as a tape of an executive session. Seegenerally Opinion No. 91-100 stating that the "location of documents is not necessarily a determinative factor for purposes of the FOIA." The tape at this point may also be exempt under the "law enforcement" exception to the FOIA. See A.C.A. §25-19-105(b)(6) (Cum. Supp. 1991). When this exemption ceases to exist, however (at the point that the investigation is no longer "ongoing,"[4] see Martin v. Musteen, 303 Ark 656,799 S.W.2d 540 (1990)), the other reason for its exemption still exists, i.e., that the tape is a recording of an executive session. Thus, even after the investigation is closed, the tape, or any portion of it would still be exempt, even if maintained by the sheriff or in the criminal case file.[5] It is not available for inspection by the public. If only a portion of the tape is transcribed, it is my opinion that this portion should not be disclosed to the public by the sheriff. The extent to which it will be available for use at trial and to persons connected with the trial will be decided by the trial judge. In this regard, the county may wish to seek, and the trial judge may deem it necessary, to enter a protective order as regards the tape.[6] See generally, City of Fayetteville v.Edmark, supra (as to protective order entered against prosecutor who obtained exempt records through his subpoena power). Once the case is before a court, it is for that tribunal to decide the nature of and to what purposes the tape will be put.
In conclusion, it is my opinion that the procedure you have proposed will adequately protect the concerns of the county and the needs of law enforcement, with the additional conditions that the sheriff obtain a prosecutor's subpoena or a court order to obtain the tape. Once the tape or any portion of the tape is transcribed, it should remain exempt from the provisions of the FOIA, except and unless otherwise allowed by the court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] An argument may be made that the tape is a job performance or evaluation "record." If so, it is generally exempt so long as the employee whose conduct is in question has not been suspended or terminated. Under the records exemptions, however, portions of a record which do not contain exempt material should generally be segregated and made available to the public. See Opinion Nos.88-081, 88-068, and 87-115. It can be argued that if the particular portion of the tape excised (the part containing the alleged battery) does not contain information concerning job performance or evaluation of the affected employee, it should be segregated and would thus be a public record.
It is my opinion, however, that the entire contents of the tape would be exempt from the FOIA, and thus even the excised portion should not be made available to the public unless the quorum court votes to make it so. See note 5, infra, and discussion at 6. In my opinion, a court would not apply the "segregability" exception discussed above to a tape of an executive session, and thus all of the tape should remain exempt unless ordered otherwise by a court. Cf. Commercial Printing v. Rush,infra.
[2] The entire purpose of allowing executive sessions would be thwarted if the tape of such sessions were public records. Additionally, both this office and the court have recommended the taping of executive sessions. See Opinion No. 74-78 andCommercial Printing, supra. That way, if any question is raised about the validity of the discussion undertaken in the executive session, a court could review the tape in camera to determine the question.
[3] Former law allowed the attendance of various persons in executive session to give information to the governing body.See, e.g., Opinion No. 74-78. This opinion has been superseded in this respect by the amendment of the act providing exactly which persons may attend. Following this amendment, this office has consistently held that only those persons can attend.See, e.g., Opinion Nos. 88-082, 81-213, 86-036.
[4] The question of whether an investigation is closed or no longer "ongoing" has been characterized as a question of fact. This determination may thus vary with individual circumstances.See Martin v. Musteen, supra, and Opinion Nos. 88-055, 89-101, 89-158, 89-311, and 90-305.
[5] This is likely true, unless the quorum court convenes and votes to make this portion a public record, under the theory that they could have held the executive session in public in the first place and can therefore take a later vote to make a portion of it a public record. Again, it is unclear whether this is the applicable test, or whether the tape is indeed a "record" of job performance or evaluation and thus, if a section of it does not involve these matters, it could be segregated and made public. In my opinion, a court would most likely consider the tape, even if technically a "record," the embodiment of the meeting itself, and would not segregate portions thereof as open to the public, even if they were unlawfully considered in private. See generally,Commercial Printing, supra.
[6] For that matter, there is no impediment to the county seeking a protective order at any stage in the proceedings.