PRICE *v.* MADISON COUNTY BANK.

Opinion delivered April 19, 1909.

1. COUNTY COURT—JURISDICTION ON APPEAL TO CIRCUIT COURT.—On appeal from the county court, the circuit court acquires only such jurisdiction as the county court had, and can render only such judgment as the county court should have rendered. (Page 197.)

2. SAME—JURISDICTION IN MATTERS AFFECTING COUNTY TAXES.—Const. 1874, art. 7, § 28, providing that "the county courts shall have exclusive original jurisdiction in all matters relating to county taxes,"

gives the county court jurisdiction in all matters directly affecting county taxes, but does not confer jurisdiction in proceedings merely indirectly affecting county taxes, such as a proceeding to compel a depository of county funds to pay interest thereon. (Page 197.)

3.   COURTS—JURISDICTION.—The question of jurisdiction of the subject-matter is always open, whether raised or not, as consent cannot give jurisdiction of the subject-matter where none exists by law. (Page 198.)

4.   CIRCUIT COURT—JURISDICTION.—The circuit court is the proper forum to determine the liability of a county depositary for failure to pay interest on county funds in its hands. (Page 198.)

5.   APPEAL—COSTS ON REVERSAL.—Where a judgment is reversed on appeal, appellant is entitled to the costs of the appeal, though the action is dismissed because the trial court had no jurisdiction of the subject-matter. (Page 199.)

Appeal from Madison Circuit Court; *Joseph S. Maples,* Judge; reversed.

*W. N. Ivie,* for appellant.

Appellee, *pro se.*

HART, J.   The General Assembly of 1907 passed an act to provide a depository for the county funds of Madison County. Acts of 1907, p. 113.

Pursuant to the provisions of the act, an advertisement for bids was made, and an order was made by the county court selecting the Madison County Bank as such depositary, it having offered the highest rate of interest per annum offered for said funds.

Sec. 3 of the act provides that the interest shall be computed on the daily balances to the credit of the county, and that the same shall be payable to the county treasurer quarterly, and shall be immediately placed by said treasurer to the credit of the common school funds of the county.

One quarter's interest, amounting to $300, became due. The Madison County Bank claimed that it was payable in county warrants. The county treasurer contended that it was payable in lawful currency of the United States, and, upon the refusal of the bank to make payment in such currency, filed a petition with the county court of Madison County reciting the above facts and asking that said bank be required to apepar in said county court and to show cause why it had not paid to the county treasurer said amount of interest due, and why judgment

should not be rendered against it for the interest due, amounting to $300, and for the penalties attaching on account of its refusal so to pay.

On a hearing of the cause, the county court rendered judgment in favor of the county treasurer against said bank for the sum of $300 with interest at the rate of 6⅝ per cent. The bank appealed to the circuit court.

On a trial anew in the circuit court, the presiding judge was of the opinion that said interest was payable in Madison County warrants, and a judgment .was rendered ordering the county treasurer to accept county warrants in payment of said interest. The county treasurer in turn has appealed to this court.

The first question that presents itself is that of jurisdiction. It is settled that, upon appeal from the county court, the circuit court acquires only such jurisdiction as the county court had, and can render only such judgment as the county court should have rendered. *Pride* v. *State,* 52 Ark. 502.

The question then is,. did the county court have jurisdiction of the matter in the first instance? If the county court had jurisdiction, it acquired it under sec. 28, art. 7, of the Constitution, which provides that "the county courts shall have exclusive original jurisdiction in all matters relating to the county taxes," etc.

In the case of *Christian* v. *Ashley County,* 24 Ark. 142, it was held that the county court has jurisdiction to render judgment against a delinquent collector or his sureties for the county revenue which he has collected and failed to pay over as required by law." To the same effect, see also *Pettigrew* v. *Washington County,* 43 Ark. 33. Here the case is different. This is not a matter of the settlement of the collector or treasurer with the county court for taxes. Prior to the passage of the act, no one had authority to loan out the county funds. The act under consideration makes it lawful to loan out the public funds of the county under the conditions imposed by the act. Sec. 4 of the act provides that all stockholders of any such bank shall be liable for all public funds that such bank shall fail to pay over on demand to the person entitled to receive the same. Sec. 6 provides that a bond shall be given for the prompt payment and accounting of the funds according to law, and that

for any breach of the bond the county or any person injured may maintain an action in the name of the county to the use of the county, or person thereby injured. In the present case there was no settlement to be made, for there was no dispute about the amount due. The controversy was to whether the amount due shall be paid only in United States currency, or whether it might be paid in county warrants. It was a debt due the county.

The act authorized the funds of the county to be loaned out to the highest bidder, and upon the failure of the bank to pay the loan when it became due there arose a cause of action in favor of the county for the amount due.

We do not think that the clause of the Constitution above referred to in regard to taxes meant to give the county court jurisdiction of all matters indirectly affecting that subject. Such a broad construction would give to a court, whose presiding judge is not required to be "learned in the law," powers which evidently were not contemplated by the framers of the Constitution. We think that it was only intended by them that the county court should have jurisdiction when the subjects enumerated in sec. 25 of art. 7 were directly affected. This construction is borne out by the decisions of our court. This distinction has already been recognized by this court. *Martin* v. *State,* 79 Ark. 236; *Hunter State Bank* v. *Mills, ante* p. 10. In the case of *Martin* v. *State,* 79 Ark. 236, under an act similar in all esential respects to this act, suit was brought by the State against the treasurer of Scott County for penalties for failing to comply with an order of the county court directing him to deposit the public funds in a county depository. The suit was brought in the circuit court; and, while the question of jurisdiction was not raised by the pleadings or discussed in the opinion, yet the question of jurisdiction of the subject-matter always presents itself, for it is well settled that consent can not give jurisdiction of the subject-matter where none exists. *Field* v. *Dortch,* 34 Ark. 399; *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213.

Obviously, if sec. 28, art. 7, gives exclusive jurisdiction to the county court in the matter, none could exist in the circuit court.

We are of the opinion that the circuit court was the proper

forum under sec. 11, art 7, of the Constitution, which provides that "the circuit courts shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in some other court provided for by this Constitution."

Appellant, however, is entitled to a judgment for the costs of the appeal. *American Soda Fountain Co.* v. *Battle, supra.*

Therefore it is ordered that the judgment be reversed, and that the cause be dismissed without prejudice to bringing another action.