## LONOKE COUNTY v. REED.

Opinion delivered January 24, 1916.

CRIMINAL LAW—PROSECUTING ATTORNEY'S FEES—LIABILITY OF COUNTY FOR COSTS—MISDEMEANOR.—A county is not liable for the fees of the prosecuting attorney, in cases of conviction for misdemeanors, where the defendant has no property and the county has not contracted to work its convicts pursuant to sections 1066-1074 of Kirby's Digest, or Act 207 of the Acts of 1909.

Appeal from Lonoke Circuit Court; *Thos. C. Trimble*, Judge; reversed and dismissed.

*Chas. A. Walls*, for appellant.

1. The county is not liable for prosecuting attorney's fees for convictions on indictments in the circuit court, unless there is some express authority of law for same. Such authority must be expressly conferred by statute, and it will never be inferred. Kirby's Digest, § § 2469, 2470; 44 Ark. 31-33; 10 *Id.* 467; 37 *Id.* 226; 37 *Id.* 228; 37 *Id.* 487; 102 *Id.* 106; 108 *Id.* 137.

2. The county is not liable because Lonoke County has no contractor to work out the fines and costs. Kirby's Dig., § § 1066-1074; Act 207 Acts 1909; 102 Ark. 166.

3. There must be an appropriation by the levying court for working convicts, etc. Kirby's Dig., § 1074; 85 Ark. 609-11; 68 *Id.* 22.

*Joe T. Robinson*, for appellee.

The question is whether in cases of conviction in circuit court upon indictments a claim for fees by the prosecuting attorney should be allowed against the county, if it has failed to enter into a contract for the hiring of county prisoners. This has never been decided by this court. The cases cited by appellant do not apply. The act of 1875 as digested in section 2469, Kirby's Digest, simply means that in misdemeanors in inferior

courts the county shall not be liable for costs. The practice varies in the several judicial districts; in some the costs are paid by the county, in others not. The provision exempts only such misdemeanors as the county is not liable in. The matter should be settled by this court for good.

HART, J. The question raised by this appeal is whether or not a county is liable for prosecuting attorney's fees in cases of conviction for misdemeanors where the defendant has no property and the county has not contracted to work its convicts pursuant to sections 1066-1074 of Kirby's Digest, or Act 207 of the Acts of 1909.

The circuit court held the county liable and the county has appealed.

The liability of the county for costs in criminal cases rests alone upon statute. This rule has been established by such a long and unbroken line of decisions in this State as to render citation of authority in support of it unnecessary. The costs include the prosecuting attorney's fee. *Phillips County* v. *Clayton,* 29 Ark. 246. Therefore, the liability of the county depends upon the construction to be given to sections 2446, 2469, 2470 and 2471 of Kirby's Digest, it being a cardinal rule of construction that statutes relating to the same subject must be construed together.

Section 2446 of Kirby's Digest is a part of section 286 of the criminal code as amended in 1871. It provides that in judgments against defendants a judgment for costs in addition to other punishment shall be rendered, and shall be taxed by the clerk for the benefit of the officers rendering the services and, in case of failure by the defendant to pay said costs, shall be paid by the county where the conviction is had.

Sections 2470 and 2471 were originally sections 205 and 206 of chapter 45 of the revised statutes. The latter section has never been amended. The former was amended by the Act of February 5, 1889. The amendment consisted in making the county liable for costs where a *nolle prosequi* was entered by the attorney for

the State. As these two sections originally stood it will be seen that the Legislature intended to make counties responsible for costs in cases, first, where the defendant is acquitted and there was no judgment against the prosecutor for costs, and, second, where the defendant is convicted but is unable to pay the costs. This is the effect of the decision in the case of *County of Ouachita* v. *Sanders, et al.,* rendered at the January term, 1850, of this court, and reported in 10 Ark. 467.

Subsequently the lawmakers amended the statute in regard to the payment of costs by the county. Section 2469 of Kirby's Digest is section 5 of the Act of February 25, 1875, being an act to establish fees. The original act used language somewhat different from the section of the digest and reads as follows:

"Fees allowed in criminal cases shall be paid by the defendant, but if sufficient property belonging to the defendant can not be found for that purpose, they shall be paid by the county where the conviction is had, except in such cases of misdemeanor, where the county is not to be liable."

The effect of the enactment of this section of the act to establish fees was to amend sections 2470 and 2471 of Kirby's Digest which were originally sections 205 and 206 of the revised statutes and to exempt the county from liability for conviction for misdemeanors. This construction of the statute was recognized in the case of *Stalcup* v. *Greenwood District of Sebastian County,* 44 Ark. 31, when the court, construing the sections just referred to, said:

"It will thus be seen that in misdemeanors there is only one contingency upon which the county is responsible, viz.:, where the defendant is acquitted and there is no judgment against the prosecutor."

Subsequently section 2470 of Kirby's Digest, which was then section 2343 of Mansfield's Digest, was amended by an act approved February 5, 1889, so as to make the county liable for the costs where the prosecuting attorney entered a *nolle prosequi.*

To hold the county liable for costs in cases of conviction for misdemeanors where the defendant has no property and where the prisoners have not been hired out by the county court pursuant to statute would be to give no effect whatever to section 2469 of Kirby's Digest which is section 5 of the Act of February 25, 1875; for that section in plain terms makes an exception in cases of misdemeanors and says that in such cases the county shall not be liable. This act was passed subsequent to the passage of sections 2446, 2470 and 2471 of Kirby's Digest and would be repugnant to them, and repeals that portion of those sections which provided that counties were liable in cases of conviction for misdemeanors.

It follows that the circuit court erred in making the allowance against the county for the fees of the prosecuting attorney and for that error the judgment will be reversed and the claim of the prosecuting attorney for fees will be dismissed here.