ALLRED *v.* GRIFFITH.

Opinion delivered January 9, 1928.

1. APPEARANCE—EFFECT OF VOLUNTARY APPEARANCE.—Where the circuit court has jurisdiction of the subject-matter of a cause of action, it acquires jurisdiction of persons by their entering a voluntary appearance.

2. COURTS—STOCK LAW ELECTION CONTEST—JURISDICTION.—In a proceeding to contest a stock law election, where a demurrer to the jurisdiction was sustained in the county court, and an appeal was prosecuted to the circuit court, which overruled the demurrer, *held* that the circuit court could only acquire such jurisdiction by appeal as was possessed by the county court, and if the county court was without jurisdiction to try the contest the circuit court could acquire none on appeal.

3. APPEAL AND ERROR—WAIVER OF JURISDICTION.—In a stock law election contest brought in the county court, where a demurrer to the petition was sustained and the petition dismissed for want of jurisdiction, and on appeal to the circuit court the demurrer was overruled, to which exception was duly taken, the fact that both parties thereafter waived formalities and tried the case on its merits did not confer jurisdiction on the circuit court, the waiver being merely intended to facilitate a trial.

Appeal from Carroll Circuit Court; *J. S. Maples,* Judge; reversed.

STATEMENT OF FACTS.

Appellees commenced this proceeding in the county court against appellant to contest a stock law election of Liberty Townhip, Carroll County, Arkansas, held October 5, 1926, and the prayer of the petition is that the court declare that said stock law was adopted by a majority of the qualified electors voting at the election, and that the county clerk be instructed to so certify. Appellants filed a demurrer to the jurisdiction of the court, and the petition of appellees was dismissed for want of jurisdiction of the court. Appellees duly prosecuted an appeal to the circuit court. In the circuit court appellants again presented their demurrer to the petition of appellees, on the ground that the county court had no jurisdiction of the cause of action, and the circuit court acquired none on appeal. The court overruled the demurrer, and appellants duly excepted to the

ruling of the court, and their exceptions were duly noted of record. We copy from the transcript the following:

"This court, after overruling the contestee's demurrer, assumed jurisdiction of the cause to try it upon its merits, both parties waived formalities, and the cause was submitted to the court upon an agreed statement of facts as to all voters contested by the contestants and contestees, except Carl Burkett, who voted against the stock law, and was contested as being a legal voter of the said township by the contestants, and Mrs. T. A. Griffith, Mrs. H. J. Griffith, Mrs. Henry Griffith and Mrs. Ula Griffith, who voted for the adoption of the stock law, and who were contested by the contestees as not being legal voters in said township."

The circuit court then proceeded to try the case on the testimony and agreed statement of the parties introduced before it, and found in favor of appellees. It was the judgment of the circuit court that the stock law had been adopted for said Liberty Township at the general election held in October, 1926, and it was adjudged that the same was in force from and after the fifth day of April, 1927. It was further ordered that the clerk certify the judgment of the circuit court to the county court, to the end that the adoption of the stock law might be declared by the county court, as the law directs. To reverse that judgment the appellants have duly prosecuted an appeal to this court.

*J. E. Simpson*, for appellant.

*Festus O. Butt*, for appellee.

HART, C. J., (after stating the facts). It is conceded by counsel for appellees that the county court had no jurisdiction to try the contest for the adoption of the stock law, and that the circuit court was the proper forum in which to commence such contest. It is insisted by counsel for appellees, however, that, inasmuch as the circuit court had jurisdiction of the subject-matter or cause of action, it could acquire jurisdiction of the persons of appellants by their entering a voluntary appearance to the action in the circuit court. Undoubtedly this is true,

and we would have no hesitation in adopting the reasoning of counsel for appellees if it could be said that appellants entered their voluntary appearance to the action in the circuit court and consented to a trial there. In making his contention to that effect, counsel for appellees relies upon the part of the record which we have copied in our statement of facts, and which we need not repeat here. It is claimed by counsel for appellees that that part of the record which shows that, after the court assumed jurisdiction of the case to try it upon its merits, both parties waived formalities, and that the cause was submitted to the court upon an agreed statement of facts showed their voluntary submission to a trial in the circuit court. We do not think so. Appellants excepted to the action of the circuit court in overruling their demurrer to the jurisdiction, and had their exceptions entered of record. We think that all that was meant by the recitation referred to was that, since the court had overruled their demurrer and had assumed jurisdiction to try the case upon the merits, they would waive all formalities and would try the case upon an agreed statement of facts and such other informal evidence as might be agreed between the parties. This was evidently done for the purpose of facilitating the progress of the trial and not for the purpose of entering their appearance to the action.

It is well settled that the circuit court can only acquire such jurisdiction upon appeal as that possessed by the county court; if the county court was without jurisdiction to try the contest, the circuit court acquired no jurisdiction on appeal. *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706.

Therefore it is ordered that the judgment be reversed, and that the cause be dismissed without prejudice as to bringing another action.