BURROW, COUNTY JUDGE, v. BATCHELOR.

4-4408

Opinion delivered November 30, 1936.

*Carter & Taylor,* for appellants.

*Batchelor & Batchelor* and *Ralph W. Robinson,* for appellees.

HUMPHREYS, J. This is a proceeding in mandamus brought in the circuit court of Franklin county in effect to compel the county court to allow the salaries of Lonnie Batchelor, who is the duly appointed and acting reporter and stenographer for the grand jury within and for the Fifteenth judicial circuit, of which Franklin county forms a component part, and of Ralph Robinson, who is the duly appointed and acting circuit court reporter within and for the Fifteenth judicial circuit, of which Franklin county forms a component part; and, in effect, to compel the county clerk to issue warrants against the general revenue fund for same; and, in effect, to compel the county treasurer to pay said warrants out of the general revenue fund.

The officials mentioned interposed the defense that it is within the discretion of the county court to allow or disallow the claims, and that the circuit court has no authority or power to compel the county court to act upon matters within the county court's discretion.

The record in this proceeding reflects that there was sufficient money in the general fund of Franklin county to take care of and pay all claims on file when appellees filed their claims for salaries, and that there would be sufficient money therein to pay all of the statutory claims for the remainder of the year. It also reflects that the circuit court had appointed Ralph Robinson court reporter and stenographer for the Fifteenth judicial circuit, and that he was entitled to the amount claimed for performing such services. It also reflects that the prosecuting attorney appointed Lonnie Batchelor reporter and stenographer for the grand jury, and that he was entitled to the amount claimed for performing such services. It also reflects that the county court refused to allow or disallow the claims when duly presented by simply ignoring them.

Act 271 of the Special Acts of the Legislature of 1921 (p. 530) provides that the salary of the court stenographer shall be paid as a part of the circuit court expenses.

Act 121 of the Acts of 1929 (p. 631) provides that the salary of the grand jury stenographer shall be paid out of any funds provided for circuit court expenses.

These claims are a part of the necessary expenses of the operation of the county government, and take precedence over all permissive expenditures. They are provided by statute so that courts and other such agencies may function. They are imposed by law and must be paid as long as there is money within the general fund to pay them. If this were not so, county government must stop. It is not discretionary with the county court to allow them. The county court must allow them, and, if it fails to do so, the circuit court may compel him to perform this ministerial act. This court ruled in the case of *Pope County* v. *Mena Star,* 175 Ark. 76, 298 S. W. 1002, in speaking of all necessary expenses imposed by law, that the county court has no control or discretion over them except, perhaps, the amount to be allowed for the services. In the instant case, the amount to be allowed is fixed by law. If the law were otherwise, county courts might obstruct the necessary and orderly administration of the affairs of the county. In view of the supervisory power of the circuit court over inferior tribunals, it did not exceed its authority in impounding the fund in the hands of the treasurer until the proceeding in mandamus might be adjudicated.

The judgment of the circuit court is affirmed.