4-6291 146 S. W. 2d 914

Opinion delivered January 27, 1941.

*Ralph W. Robinson, Zed Gant, Ray Blair* and *Carl K. Creekmore,* for appellant.

*Finis F. Batchelor,* for appellee.

SMITH, J. This case involves a claim against Crawford county, filed by the mayor of the city of Van Buren in said county. On April 1, 1940, the council of the city of Van Buren passed an ordinance establishing the municipal court of that city, under the provisions of act No. 60 of the Acts of the General Assembly of 1927, p. 157, as amended by subsequent legislation.

The ordinance fixed the salary of the municipal judge at $1,200 per annum, payable in monthly installments. Shortly thereafter the city council authorized

the municipal judge to employ a clerk for his court, and fixed the salary of the clerk at $50 per month, that action being authorized by § 12 of said act 60. After the passage of this ordinance the mayor purchased a chair, desk, filing-cabinet, and other office equipment, totaling $202.25, and paid for the same out of the funds of the city of Van Buren.

A claim was filed against Crawford county for $325, which was alleged to be the county's proportionate part of the expenses of the said municipal court for the latter half of April and the month of May, 1940. The county court disallowed the claim, from which action the city prosecuted an appeal to the circuit court, in which court it was adjudged that the municipal court had been legally established, and that the county was liable for one-half of the expenses of the court which the statute authorized.

An appeal was prosecuted from this judgment by the county; and the city has prayed a cross-appeal, upon the insistence that under act 141 of the Acts of 1935, p. 400, the county is made liable to the extent of $1,800 per year for the payment of the expenses of the municipal court.

Express authority for the establishment of municipal courts by the general assembly is found in §§ 1 and 43 of art. 7, of the constitution. This is conceded; but it is contended that there is no authority to impose any part of the expenses of such courts upon the counties in which they are established, and that the attempt to do so violates the provisions of §§ 28 and 30 of art. 7 of the constitution, which vests in the county courts exclusive original jurisdiction in all matters relating to the local concerns of the respective counties.

We do not think, however, that these sections of the constitution operate to deprive the general assembly of the power to impose duties upon counties and to require counties to pay therefor. Our cases are to the contrary. For instance, in the case of *Polk County* v. *Mena Star Co.*, 175 Ark. 76, 298 S. W. 1002, there is an enumeration of various items of expenses imposed upon counties by legislative enactment. In the case of *Burrow, County*

*Judge* v. *Batchelor,* 193 Ark. 229, 98 S. W. 2d 946, there was involved an act of the general assembly requiring all counties to pay salaries of circuit court and grand jury stenographers. This act was upheld, it being there said that these salaries must be paid as long as there is money in the county general fund to pay them, and that it was not discretionary with the county court to allow them, and that if it failed to do so the circuit court might compel the county court to perform this ministerial duty.

The cases of *State, use, etc.* v. *Craighead County,* 114 Ark. 278, 169 S. W. 964, and *Cotham* v. *Coffman,* 111 Ark. 108, 163 S. W. 1183, are cited to support the contention that the expenses of municipal courts may not be imposed upon the counties of the state. Those cases were cited in the opinion in the case of *Phillips County* v. *Arkansas State Penitentiary,* 156 Ark. 604, 247 S. W. 80, 248 S. W. 11, to support the contention that the general assembly could not impose upon counties the expenses of keeping prisoners in the penitentiary after their conviction of a capital offense and the cost of their electrocution. The right to impose these expenses upon counties was upheld, and as to the cases just cited it was said in the majority opinion of the court that ''Those cases merely establish the principle that the cost of paying salaries of state officers, or the expense of maintaining state institutions, cannot be imposed upon counties. The expenses imposed by the present statute is not, we think, a contribution towards a state institution, or towards the payment of the salaries of state officers, but is an expense in enforcing the criminal laws of the state, which has always been held to be a matter within the power of the lawmakers.'' The expenses of these municipal courts are, of course, no part of the expenses of maintaining the state government.

We conclude, therefore, that there is no constitutional objection to the imposition of a part of the expenses of the municipal courts on the counties in which they are established. The judgment from which is this appeal assessed one-half thereof against the county. This finding accords with act 60 of the Acts of 1927 and later amendatory acts.

Section 16 of act No. 60 provides that "The Quorum Court in counties subject to this act shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of the municipal court herein provided, which shall be one-half of the expense of the municipal court, same to be paid out of county's shares of fines, penalties, forfeitures, fees and costs collected in said municipal court and not otherwise, and such duty may be enforced by mandamus proceedings."

It is insisted, on the cross-appeal by the city, that act 141 of the Acts of 1935 imposes upon the county the duty to pay $1,800 per annum in any and at all events, regardless of the fact that this payment may be more than one-half of the expenses of operating the court.

The relevant portion of act 141 amends § 16 of the Act of 1927, quoted above, to read as follows: " 'Section 16. The quorum court in counties subject to this act shall at its annual meeting make an appropriation of $1,800 to pay the county's proportion of the expenses of the municipal court herein provided, such payment to be made out of the general revenues of the county, and such duty may be enforced by mandamus proceedings.' "

We do not think there was any intention to impose upon the counties a flat charge of $1,800 per annum in all cases to maintain these municipal courts. It was rather the intention of the Act of 1935 to make provision "to pay the county's proportion of the expenses of the municipal court herein provided," that is, as provided in act 60 of the Acts of 1927 which divides the expenses of the municipal court between the city in which it is created and the county in which it functions, and to limit in any case the county's proportion thereof to a sum not exceeding $1,800 per annum. In other words, the county must share equally with the city the cost of the court, provided that the county's share shall not exceed $1,800 per year. The court below so construed act 141, and it follows, therefore, that the judgment must be affirmed, both on the direct and on the cross-appeal.

It is to be assumed—and we do assume—that the county's liability having been determined, suitable provision will be made to discharge that obligation. But both act 60 of 1927 and act 141 of 1935 contain provisions for the enforcement of this liability by mandamus. It may be said that the testimony showed that the county had a surplus of more than $10,000 to the credit of its general revenue fund.

The judgment will, therefore, be affirmed on both the direct and cross-appeals.