CAMPBELL, COUNTY JUDGE *v.* LITTLE ROCK SCHOOL DISTRICT, *et al.*

5-115                                                    262 S. W. 2d 267

Opinion delivered November 16, 1953.

616

*Tom Downie* and *John T. Jernigan,* for appellant.

*Phillip Carroll* and *Rose, Meek, House, Barron & Nash,* for appellee.

GRIFFIN SMITH, Chief Justice. Little Rock School District was joined by a taxpaying citizen in petitioning circuit court for an order requiring Arch Campbell as county judge to review and approve or reject a petition filed pursuant to provisions of Act No. 10 of the extraordinary session of the Fifty-Eighth General Assembly, approved May 3, 1951.

The Act undertakes to vest in the electors of each county power to authorize the employment of appraisers, abstracters, and such other persons as may be needed, "to appraise all real property, both urban and rural, and/or personal property within the county for the purpose of making such appraisals available to the county assessor and equalization board as an aid and guide to such officials in their work of assessing and equalizing property values for ad valorem tax purposes."

The machinery for putting the plan in motion is a petition signed by ten percent of those voting for circuit clerk in the preceding general election. This petition is filed with the county clerk for review by the county court. The court's duties in examining the petition are quite similar to those delegated to the secretary of state under Amendment No. 7 to the constitution. If approval is certified an order must be entered directing three outstanding property owners of the county, to be named in the order, to forthwith enter into negotiations and conditionally contract for the employment of such qualified appraiser or appraisers, abstracters, and such other persons as may be needed to appraise the property under consideration. Such contract of appraisal shall be for a sum certain, together with all other terms and conditions of the contract.

This contract must be in writing and signed by the parties, but it does not become binding unless approved by a majority of the county's electors who have a right to express themselves in a special election.

Within thirty days from the time this conditional contract is filed with the county clerk—where it shall remain, subject to inspection—the county court is directed to enter an order submitting the question to the people. This election shall be not less than thirty nor more than sixty days from the date of the court's order.

Judge Campbell declined to review the petition, taking the view that the Act was beyond the legislative power in requiring him to name three persons who in turn would make the conditional employment contracts and thereby bind the county for payment of such sums as might be agreed upon by persons other than the court.

Quite clearly the proceeding is not under Amendment No. 7, for the Act provides for a special election, and the number of petitioners may be 10% instead of 15% as directed by the Amendment.

Section 28 of Art. 7 of the constitution invests the county court with exclusive original jurisdiction in all matters relating to county taxes, the disbursement of money for county purposes, "and in every other case that may be necessary to the internal improvement and local concerns of the respective counties."

Judge Battle's opinion in *Parkview Land Co.* v. *Road Improvement District No. 1*, 92 Ark. 93, 122 S. W. 241, is to the effect that in the absence of constitutional provision respecting the manner in which jurisdiction of the county court is to be exercised, the legislature has a right to give directions. In *Board of Directors of Jefferson County Bridge District* v. *Collier,* 104 Ark. 425, 149 S. W. 66, Judge McCulloch cited *Road Improvement District* v. *Glover,* 89 Ark. 513, 117 S. W. 544, and the Parkview Land Company case. He said that the two decisions dealt with statutes authorizing construction of roads by improvement districts and imposing upon county courts the obligation of maintenance. The holding in *Burrow* v. *Floyd,* 193 Ark. 220, 99 S. W. 2d 573, was that circuit court in retaining control of road tax funds for future apportionment usurped the county court's jurisdiction. Few subjects have been made clearer by our

decisions than that the county court has exclusive original jurisdiction to audit, settle, and direct payment of all demands against the county. *Shaver* v. *Lawrence County*, 44 Ark. 225; *Chicot County* v. *Kruse*, 47 Ark. 80, 14 S. W. 469.

Now we must assume that the legislature in prescribing how obligations might be incurred (and evidenced by written contract) intended that the county court should be under compulsion to pay these expenses—and this without audit or power of scrutiny except the right to appoint three property owners to act in that behalf. Concisely stated, any contract tentatively negotiated by appointees of the court would become absolute with substituted approval of the voters, and thereafter the court would be required to allow the claim. This is jurisdiction by indirection in a matter embraced within the constitution.

We have held that obligations may be imposed upon a county and that the court is without discretion in respect of payment. *Jeffery, County Judge,* v. *Trevathan,* 215 Ark. 311, 220 S. W. 2d 412. But there the legislative authority had fixed the amount that should be paid for the publications involved.

There is a fundamental difference between the situation with which we now deal and such cases as *State* v. *Craighead County,*[1] *Jackson County* v. *Nuckolls,*[2] *Jackson County* v. *Pickens,*[3] *Phillips County* v. *Arkansas State Penitentiary,*[4] *Burrow, County Judge,* v. *Batchelor,*[5] and *Lyons Machinery Company* v. *Pike County.*[6] The distinction lies in the fact that here the county court is required to name three property owners to whom the legislature delegates the power to make conditional contracts affecting county revenues derived from tax sources. The two steps—provisional contract and approval by the people—may bind the court to allow obligations to an extent unascertainable at the time appointments are made.

[1-6] See 114 Ark. 278, 169 S. W. 964; 102 Ark. 166, 143 S. W. 1065; 208 Ark. 15, 184 S. W. 2d 591; 156 Ark. 604, 247 S. W. 80, 248 S. W. 11; 193 Ark. 229, 98 S. W. 2d 946; 192 Ark. 531, 93 S. W. 2d 130.

Another question raised is whether the subject-matter falls within the governor's call for the special legislative session. Since the appeal is decided on grounds of delegated authority invested in individuals to conditionally contract for the payment of obligations in a situation where audit and approval by the county court are circumvented, it is not necessary to consider whether the subject was embraced within the call.

Reversed, with directions to quash the writ of mandamus.

Mr. Justice GEORGE ROSE SMITH not participating.

Mr. Justice WARD dissents.