CAMPBELL, COUNTY JUDGE *v.* ARKANSAS STATE HOSPITAL.
5-1360                                    306 S. W. 2d 313

Opinion delivered November 4, 1957.

*J. Frank Holt,* Prosecuting Attorney, for appellant.

*Pope, Pratt & Shamburger,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit for a declaratory judgment, the issue being whether a

county is required by law to reimburse the State Hospital for necessary maintenance for persons charged with a criminal offense who have been committed to the hospital by the circuit court for a mental examination. The Circuit Court held that the County is liable for such maintenance, and the County Judge has appealed.

Initiated Act 3 of 1936 authorizes the circuit court to send to the State Hospital for mental examinations persons who have been charged with a crime and are awaiting trial.

Ark. Stat. § 43-1301 provides:

"* * * The State Hospital shall be reimbursed by the county for such observation at the same rate as that established for the maintenance of patients under the provisions of Act 241 of 1943. * * *"

Act 415 of the Acts of 1955 (Ark. Stat. § 59-230.1, Pocket Supp.) provides:

"The business manager of the State Hospital shall periodically ascertain the per capita cost of maintenance of patients and shall render monthly statements of charges therefor to the guardian or other person whose duty it is to provide care, maintenance or support of each patient, and he shall diligently attempt to collect such charges."

Judge Mitchell Cockrill of the Pulaski Circuit Court, Third Division, wrote an opinion as follows:

"The First Division Pulaski Circuit Court (Criminal Division) in the course of criminal actions pending before it committed some twenty-seven persons to the State Hospital when those persons who had been charged with a crime raised the defense of insanity. Such a commitment procedure is authorized by Initiated Act 3, Ark. Acts of 1936 as amended by Act 237, Ark. Acts of 1955 (Ark. Stat. (1947) Pocket Supp. § 43-1301); which act provides that the State Hospital 'shall be reimbursed by the county * * * at the same rate as that established for the maintenance of patients under the pro-

visions of Act 241, Ark. Acts of 1943 (Ark. Stat. (1947) Pocket Supp. § 59-230.1).' The commitment of the Pulaski Circuit Court, First Division, was in the usual course of handling the criminal proceedings by the State, then pending before it, and was necessary in the discharge of its duties.

"The State Hospital accordingly billed the County $50.00 for each of twenty-seven persons committed for an observation and report. The total amount claimed by the State Hospital is $1,350.00. The State Hospital charged Pulaski County 'at the same rate as that established for the maintenance' of other patients. No more than 90 days was charged to the County for any one patient.

"There is no objection to the rate charged and no question of the reasonableness of the charge of $50.00 per month per patient; nor is there any contention that the State Hospital acted in excess of the authority conferred by Act 415, § 4(a), Ark. Acts of 1955 (Ark. Stat. (1947) Pocket Supp. § 59-230.1). There is no contention that the act authorizing the hospital to fix the charges is unconstitutional for lack of adequate standards to guide the determination, and none could be raised, for the charge could be determined by simple accounting and mathematical computations. Judge Campbell's defense and contention seems to be that the Legislature cannot constitutionally impose a charge on the County since by Section 28 of Article 7, Ark. Const. he is given 'exclusive original jurisdiction in all matters relating to * * * the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.'

"The defendant makes the further contention that, what the Legislature cannot do, namely, bind the County Court in its area of exclusive jurisdiction, neither can it delegate to the State Hospital Board the power to do.

The defendant bases his entire a r g u m e n t on Section 28 of Article 7 of the Arkansas Constitution and certain statements from the opinion of our late Chief Justice Griffin Smith, in the case of *Campbell* v. *Little Rock School District,* 222 Ark. 615, 262 S. W. 2d 267.

"If we assume that the County Court has 'exclusive original jurisdiction' then there would be no difficulty in deciding:

"1. That the Act under consideration is unconstitutional.

"2. That the Act fixing and requiring payment of grand juror fees is unconstitutional.

"3. That the general salary acts of the county officials are unconstitutional.

"4. That the Act requiring the county court to defray the expenses of the several courts of record is unconstitutional.

"5. That the Act imposing the costs of primary elections on the counties is unconstitutional; and on *ad infinitem.*

"The crucial question is whether the County Court has 'exclusive jurisdiction'. Our court has stated in *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706: 'We think that it was only intended by them (the framers of the Constitution) that the county court should have jurisdiction when the subjects enumerated in Sec. 28 of Art. 7 were directly affected. This construction is borne out by the decisions of our court.'

"Our Supreme Court, in the case of *Adams* v. *Whittaker,* 210 Ark. 298, 195 S. W. 2d 634, had under consideration the question of the Legislature's power to impose upon the county the expense of a primary election. In a lengthy opinion discussing many facets involving such a problem, our court said, among other things:

" 'Section 28 of Article 7 defines the jurisdiction of the county courts, and gives them jurisdiction over mat-

ters of "local concern" of their respective counties. There is nothing about this act (requiring the payment of expenses of a primary election) involving the jurisdiction of the county court, except indeed to order the payment of the expenses of the election for which the act provides.'

"The court then proceeded to quote from a prior opinion in the case of *Little Rock* v. *North Little Rock*, 72 Ark. 195, 79 S. W. 785: ' "It thus appears that the local concerns over which the county court is given exclusive jurisdiction are those which relate specifically to county affairs, such as public roads, bridges, ferries and other matters of the kind mentioned in the section referred to * * *" '

"The Court concluded that the Legislature had the power to impose the expenses of an election on the counties and such an Act is not unconstitutional under Art. 7, § 28, of the Constitution.

"The Court has also held counties liable for the expenses of municipal courts created by ordinance which were adopted under authority of a legislative Act, as against the contention that such Acts were violative of the provisions of Art. 7 § 28, Ark. Const. *Crawford County* v. *City of Van Buren*, 201 Ark. 798, 146 S. W. 2d 914, and *Jackson County* v. *Pickens*, 208 Ark. 15, 184 S. W. 2d 591.

"The Supreme Court, in the case of *Jeffrey* v. *Trevathan*, 215 Ark. 311, 220 S. W. 2d 412, again reviewed some of the prior holdings and stated:

" '(a) In *Cain* v. *Woodruff Co.*, 89 Ark. 456, 117 S. W. 768, it was claimed that a legislative enactment, requiring the county to pay the sheriff seventy-five cents per day for feeding each prisoner, was void as violative of the county court's power under said Art. VII, § 28 of the Constitution. In holding the Act valid, we said:

" ' "The Legislature, unless restricted by the Constitution, has full and plenary powers to adopt such

policies and prescribe the duties which it demands of officers in carrying out such policies which it deems best for the peace and welfare of the People. *Straub* v. *Gordon*, 27 Ark. 625; *Carson* v. *St. Francis Levee District*, 59 Ark. 513, 27 S. W. 590.

" ' "Aside from the restriction of the State or Federal Constitutions, the Legislature is unfettered in the exercise of legislative power. The question as to whether the enactment is wise or expedient belongs exclusively for the General Assembly to determine. *State* v. *Martin,* 60 Ark. 353. (30 S. W. 421, 28 L.R.A. 153)

" ' " 'The Constitution regards the county courts as political and corporate bodies that are to be controlled and regulated in their discretion by the acts of the General Assembly, and not as independent of or superior to it. As political and corporate bodies, they are required to conform their action to the rule of the Legislature, and in the exercise of their jurisdiction to proceed in the mode and manner prescribed by law. *County of Pulaski* v. *Irvin,* 4 Ark. 475; *Hudson* v. *Jefferson County Court,* 28 Ark. 359.' "

" '(b) In *Crawford County* v. *City of Van Buren,* 201 Ark. 798, 146 S. W. 2d 914, it was claimed that a legislative enactment requiring the quorum courts to appropriate money for municipal court purposes was violative of the said Art. VII, § 28 of the Constitution. In holding the legislative enactment to be valid, we said, in referring to §§ 28 and 30 of Art. VII:

" ' "We do not think, however, that these sections of the Constitution operate to deprive the general assembly of the power to impose duties upon counties and to require counties to pay therefor. Our cases are to the contrary. For instance, in the case of *Polk County* v. *Mena Star Co.,* 175 Ark. 76, 298 S. W. 1002, there is an enumeration of various items of expenses imposed upon counties by legislative enactment. In the case of *Burrow, County Judge* v. *Batchelor,* 193 Ark. 229, 98 S. W. 2d 946, there was involved an act of the general assembly requiring all counties to pay

salaries of circuit court and grand jury stenographers. This act was upheld, * * *'' '

"Act 77, § 6, Ark. Acts of 1879, Pope's Digest § 2527, now codified as Ark. Stat. (1947), § 17-409, has been considered and discussed in many cases. In *Polk County* v. *Mena Star Co., supra,* it was pointed out that '* * * this court many years ago, determined and held that there were two classes of obligations dealt with in this section of the statutes (Ark. Stat. (1947), § 17-409); first, those that are imposed on the counties by law and about which the county court is substantially without discretion; * * * items 1 to 4, inclusive, being in the first class * * *.' It is interesting to note that the first item (Ark. Stat. (1947), § 17-409, subpar. Sixth—1.) provides: '1. To defray the lawful expenses of the several courts of record of the county or district and the lawful expenses of criminal proceedings in magistrate's courts, * * *'

"From this plain language and the many decisions analyzed in reaching the conclusion herein set forth, it seems fundamental that the County Court is responsible for the expenses of the courts in our judicial system.

"Even the case of *Campbell* v. *Little Rock School Dist., et al,* 222 Ark. 615, 262 S. W. 2d 267, relied on by the defendant in the case under consideration, recognizes the power of the Legislature to bind the County Court. That case is not controlling, nor decisive of the question presented here, for there the County Court was 'without audit or power of scrutiny except the right to appoint three property owners to act in that behalf'. The distinction was clearly set forth by the late Chief Justice Griffin Smith, with the following language: 'The distinction lies in the fact that here * * * three property owners * * * (have) the power to make conditional contracts *affecting county revenues derived from tax sources.*' (Emphasis supplied)

"Upon reference to the language of Art. 7, § 28, of the Arkansas Constitution ('The County Court shall have exclusive original jurisdiction in all matters relat-

ing to county taxes, \* \* \* the disbursement of money for county purposes \* \* \*'), it is readily apparent that the language of the act there being considered fell squarely within and directly affected the subjects enumerated in Art. 7, § 28, Ark. Const., so that the rule in *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706, applies.

''Here we have an item having to do with expenses of the Circuit Courts, \* \* \* It is inconceivable that the framers of our Constitution could have intended to stretch the plain language of Art. 7, § 28, so as to vest the County Court, an office requiring no special knowledge of the law, with exclusive jurisdiction to completely thwart the operation of our criminal courts in granting an accused certain rights, by refusing to pay expenses of that court. The Circuit Court, a State office, was here discharging a duty imposed on it by the legislative branch, namely, granting a mental examination to one accused of a crime who has raised the defense of insanity. In view of the myriad of cases and the long-standing operation of Ark. Stat. (1947) § 17-409 (1879 Act) there can be no question but that the County Court and the Quorum Court, its appropriating agency, *must* pay the expenses of the courts of record within their boundaries.

''Finally, the court is persuaded by the holding of the Supreme Court in the case of *Phillips County* v. *Arkansas State Penitentiary,* 156 Ark. 604, 247 S. W. 80. In the penitentiary case, the county urged that the legislature had no authority under the Constitution to impose upon the counties the cost of maintaining a State institution. Factually, the case is indistinguishable, for there an act of the legislature had required that the counties should pay to the State Penitentiary the sum of $1.00 per day for each day a person remained in confinement prior to electrocution and, further, that the county should pay to the State Penitentiary $25.00 for the electrocution of a person charged and convicted with a capital offense.

"The county there, as here, relied on a line of cases construing the exclusive original jurisdiction of the county court but which are inapplicable in the case at bar, just as they were inapplicable in the penitentiary case. Our Supreme Court said:

" '* * * The expense imposed by the present statute is not, we think, a contribution towards a State institution, or towards the payment of the salaries of State officers, but is an expense in enforcing the criminal laws of the State, which has always been held to be a matter within the power of the lawmakers.

" 'There is no constitutional restriction upon the imposition of costs of prosecution, and it has always been held by this court that this was a matter regulated entirely by statute. *Lonoke County* v. *Reed,* 122 Ark. 111 (182 S. W. 563) * * *

" 'The statute constitutes no invasion of the jurisdiction of the county court in fixing the amount to be paid by the county as the expense of keeping the convicts and carrying out the sentence of the court. * * *'

"The Court finds in this case that the sum claimed by the State Hospital under the statute in question is an expense of enforcing the criminal laws of this State.

"This Court feels that the presumption of constitutionality would require the conclusion reached herein, though this 'so-called' presumption was not here relied on as the basis for the conclusion reached.

"It is, therefore, the conclusion and judgment of this Court that the defendant, R. A. Campbell, County Judge and Judge of the County Court, is indebted to the State Hospital in the amount of $1,350.00.

"It is hereby declared that the County Court should pay to the State Hospital the sum of $1,350.00."

We agree with the views expressed by Judge Cockrill.

Appellant contends, also, that Initiated Act 3 violates Article 5, § 1, of the State Constitution by delegating the authority to determine the cost of keeping persons sent by the court to the State Hospital for a mental examination. But there is no unlawful delegation of authority.

In *Johnston* v. *Bramlett*, 193 Ark. 71, 97 S. W. 2d 631, we said:

"While the Legislature cannot delegate the power to make a law, it can make a law to delegate the power to determine certain facts. * * *"

And in *Little Rock* v. *North Little Rock*, 72 Ark. 195, 79 S. W. 785, the Court quoted from a Pennsylvania case:

" 'There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must therefore be a subject of inquiry and determination outside the halls of legislation.' "

And in *Hogue* v. *The Housing Authority of North Little Rock*, 201 Ark. 263, 144 S. W. 2d 49, the Court said:

"A careful reading of the act does not reflect that the Legislature has delegated its right to make laws to the public agency or authority. The most it does is to delegate power to the agency or authority to determine facts conditioning the operation of the law. This delegation of authority to determine facts upon which its law may operate is permissible. * * *"

Here, the Legislature merely provided that the Hospital shall be reimbursed at the same rate as that established for the maintenance of patients in the institution. There is no unlawful delegation of authority in such procedure.

**Affirmed.**