The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, Arkansas 72112
This is in response to your request for an opinion regarding Act 187 of 1987. You have asked the following specific question in this regard:
 Is an employee of the Arkansas State Police who retires under Act 187 of 1987 (early retirement incentive law) eligible to accept employment as a probation officer of a circuit court which receives State aid from the Arkansas Adult Probation (sic) Commission?
Act 187 was passed to provide certain retirement incentives for persons retiring from the State Division of the Public Employees Retirement System. Persons participating in the retirement incentive program are ". . . not eligible to accept further employment in which the state is the employer." The question, then, is whether employment as a probation officer constitutes "employment in which the state is the employer" for purposes of Act 187.
Ark. Stat. Ann. 41-801 (Repl. 1977) states that a probation officer is a salaried officer appointed by the court pursuant to 43-2332 to supervise a defendant who is placed on probation. Ark. Stat. Ann. 43-2332 (Cum. Supp. 1985) provides for the appointment of one (1) or more probation officers by the court, "whose authority shall be coextensive with the judicial circuit for which he was appointed." 43-2332 provides further that "[t]he circuit court shall consider the relative population, caseload and property valuation in fixing the probation costs and expenses to be paid by the county." It should be noted that this language appears in the 1979 amendment to 43-2332 (Act 326 of 1979). The statute previously made specific provision for the payment of probation officers' salaries out of appropriations by the Quorum Courts, the salary to be agreed upon by each county judge. See Act 602 of 1975, codified as 43-2332 (Repl. 1977).
It is therefore clear that a probation officer is appointed by the circuit court which, in turn, is a "State Office." See Venhaus v. Lofton, 285 Ark. 23, 27, 684 S.W.2d 252 (1985), citing Campbell v. Arkansas State Hospital, 228 Ark. 205, 306 S.W.2d 313 (1957). However, it also appears as an initial matter that "probation costs and expenses" are paid by the county under 43-2332. This language was retained in the 1979 amendment to 43-2332. These costs and expenses would presumably include the probation officer's salary. Yet consideration must also be given in this regard to Ark. Stat. Ann. 42-1301 et seq. (Cum. Supp. 1985). The Arkansas Adult Probation Commission ("Commission") was created under 42-1301, and the purposes of the Act (42-1301 — 42-1309) are stated under 42-1302 as follows:
 . . . to make probation services available throughout the State, to improve the effectiveness of probation services, to provide alternatives to incarceration by providing financial aid to judicial districts for the establishment and improvement of probation services and community based correctional programs and facilities other than jails or prisons, and to establish uniform probation administration standards.
The State provides financial assistance to the circuit courts in the form of "state-aid" under 42-1309. "State-aid" is defined as "funds appropriated by the General Assembly to be used by the Commission for financial assistance to circuit courts to achieve the purposes of this Act." See 42-1309. The General Assembly must determine and appropriate" . . . the amount of state-aid necessary to maintain and improve state-wide probation services." Id. State-aid is disbursed to the circuit courts and must be deposited in the registry of the court. Id. State-aid may be refused or suspended if a court fails to comply with Commission standards. Id. The foregoing offers guidance with respect to the source of funding of a probation office. A determination in this regard may be significant for purposes of your inquiry in light of the General Assembly's apparent desire to preclude the State's continued compensation of persons availing themselves of the early retirement incentives under Act 187.
The need to determine a probation office's funding source is also indicated by the General Assembly's definition of terms within the meaning of the Public Employees Retirement System law. A court will in all likelihood refer to the provisions of this law, contained in Act 177 of 1957, as amended [Ark. Stat. Ann. 12-2510 et seq. (Repl. 1979 and Cum. Supp. 1985)], in construing Act 187 since the Legislature has clearly indicated that Act 717 shall be "[i]n addition to the provisions of Section 11 of Act 177 of 1957, as amended." See Section 1 of Act 187 of 1987. Reliance upon these definitions is also consistent with the established rule of statutory construction providing that, where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
"Employees" are defined for purposes of the Retirement System law as "all officers and employees of any office, agency, board, commission or department of a public employer whose compensations were, or are, payable from funds appropriated by said public employer." Ark. Stat. Ann. 12-2501 E(a) (Repl. 1979), as amended by Act 461 of 1987. The term "public employer" means the State of Arkansas or any "participating public employer" which, in turn, includes counties and municipalities. 12-2501 B and C. "State employees" are defined as "all employees whose compensations were or are payable from funds appropriated by the State." 12-2501 E(b). "County employees" are defined under 12-2501 E(d) as "all employees whose compensations are payable either directly or indirectly by a county participating public employer or employers."
The legislature has offered no guidance under Act 187 with respect to what constitutes "further employment in which the state is the employer" for purposes of that Act. However, it is clear that, for purposes of the Arkansas Public Employees Retirement System Law, a person will be deemed a "state employee" if his or her compensation is payable from funds appropriated by the State. Funds are appropriated by the General Assembly to the Arkansas Adult Probation Commission for the purpose, inter alia, of providing state-aid to the circuit courts for maintaining and improving probation services. See 42-1309; Act 892 of 1987. It may be successfully contended that employment as a probation officer whose compensation is paid from "state-aid" under 42-1301 et seq. constitutes "employment in which the state is the employer" for purposes of Act 187. This conclusion is also supported by the Arkansas Supreme Court's statement that payment by the State is a ". . . very strong circumstance showing they are state employees." McDaniel v. Moore, 196 Ark. 201, 118 S.W.2d 272
(1938).
It is therefore my opinion that the answer to your question is no with respect to employment as a probation officer whose compensation is payable from funds appropriated by the State as "state-aid."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.