The Honorable William P. Mills State Representative Box 672 Kensett, AR 72082
Dear Representative Mills:
This is in response to your request for an opinion regarding Act 726 of 1989, which is entitles: "An act to amend Arkansas Code14-52-202 to clarify the Chief of Police's authority in cities of the first class to charge fees for the delivery of arrest warrants and other similar services . . ." You have asked the following questions in this regard:
 (1) Who pays the fee which is allowed to the chief of police, the person requesting the warrant, the person the warrant is served on, or some other party?
 (2) When is this fee collected, i.e., when the warrant is issued, when the warrant is served, as part of the court costs?
 (3) If the person responsible to make the payments cannot afford to make said payment, do you have any recommendation for a course of conduct to follow to collect the fee?
The chief of police's entitlement to fees is set out in subparagraph (3) of A.C.A. 14-52-202(b), as added by Act 726 of 1989 as follows:
 For serving city warrants only, the chief of police or his deputies shall be entitled to the fees allowed to the sheriffs under 21-6-307 for similar services in similar cases.[1]
In response to your first question, a review of the several Arkansas Code provisions governing the collection of costs and fees in criminal cases fails to yield any authority for the collection of this fee from the person on whom the warrant is served, except as part of the costs adjudged and taxed in the case.[2] Arkansas Code of 1987 Annotated 16-90-113 states:
 (a) In judgments against the defendant, a judgment for costs, in addition to the other punishment, shall be rendered. This judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service.
 (b) In case of failure by the defendant to pay the costs, they shall be paid by the county where the conviction is had.
We do not have the benefit of case law authority construing16-90-113 in the context of Act 726 of 1989, and the fee allowed therein to the chief of police. The Arkansas Supreme Court has stated, however, that the language of this section ". . . require[s] the judgment to be for all costs, including prosecuting attorney's fees as well as the fees of the other officers of the court." Phillips County v. Clayton, 29 Ark. 246 (1874). The Court has also stated with reference to this section that "[a] fee is essentially a creature of the statute, and cannot be charged except where express power for its allowance is found." Huddleston v. Craighead County, 128 Ark. 287, 194 S.W. 17 (1917).
With regard to the language of 16-90-113(b) involving the county's payment of the costs, this provision must be read together with A.C.A. 16-92-105(a), which states:
 Fees allowed in criminal cases shall be paid by the defendant; but if sufficient property belonging to the defendant cannot be found for that purpose, they shall be paid by the county where the conviction is had, except in cases of misdemeanors, when the county shall not be liable.
See also Lonoke County v. Reed, 122 Ark. 111, 182 S.W. 563 (1916) (county not liable for fees of prosecuting attorney in cases of misdemeanor conviction where defendant has no property.)
There is therefore some authority for the county's payment of officers' fees, as adjudged by the court. This does not apply, however, in the case of misdemeanors. It should also be noted that the county's payment of costs in the case of an acquittal of nolle prosequi only applies in circuit court, where the prosecutor has not been adjudged to pay the costs and, as previously suggested, in felony cases where the convicted defendant has no property to pay the costs. A.C.A. 16-92-105(b).[3]
There appear to be no provisions for any other party's payment of the fee.
In response to your second question, as indicated above, it appears that the legislature intended for the fee to be collected as part of the court costs. This conclusion is compelled largely by the well-established rule that the legislature is presumed in enacting a statute to have had in mind existing statutes and the judicial construction of former statutes. See, e.g., Bolden v. Watt, 290 Ark. 343, 710 S.W.2d 428 (1986); Brown v. David,226 Ark. 843, 294 S.W.2d 428 (1956). We have found no authority for the collection of the fee when the warrant is issued or served.
With regard to your final question involving the defendant's inability to pay, it should be initially noted that provision is made under subsection (d) of 5-4-203 for the court's reduction of the amount due, or revocation of the costs or the unpaid portion thereof in whole or in part, where it determines that the default is not attributable to a purposeful refusal to obey the court order or to a failure to make a good faith effort to obtain the funds. Thus, the course of conduct may involve reductions or revocation of the costs.
With regard, specifically, to costs levied for driving while intoxicated or impaired, the legislature has mandated public service work, as outlined by the court, where the defendant is financially unable to pay. A.C.A. 5-65-114.
Other procedures for collection of court costs are premised upon the existence of property which may be seized and sold in satisfaction of the judgment. See, e.g., A.C.A. 16-90-116,16-92-101, and 16-92-102.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] A.C.A. 21-6-307(a)(14) states: "The following fees shall be charged by each of the sheriffs of the several counties of Arkansas: for serving warrant or order of arrest from any court . . . . 25.00"
[2] It should be noted that no fees or costs may be taxed in municipal court in the trial of city ordinance violations. A.C.A.16-17-212.
[3] The county is not liable for costs until execution is issued against the convicted defendant's property, and returned unsatisfied for want of property, unless the court certifies that the costs cannot be made out of the defendant's property. A.C.A.16-92-105(c).