The Honorable James C. Scott State Senator Rt. 1, Box 82-A Warren, Arkansas 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on two questions concerning the funding of the Lake Village Municipal Court. You indicate that in the past the salary of the municipal judge and the other expenses of the municipal court of Lake Village have been paid partially by Chicot County and partially by the City of Lake Village. Recently, however, the quorum court has decided to continue to pay a portion of the judge's salary but will no longer pay a portion of the other expenses of the court.
Your two question in this regard are as follows:
 1. Is Chicot County legally obligated to pay a portion of the expenses of the municipal court of Lake Village?
 2. If the answer to the first question is `yes,' what portion of the expenses of the court is Chicot County legally obligated to pay?
It is my opinion that the answer to your first question is "no." The county is not required by law to pay any expenses other than half the salary of the municipal judge and clerks. A response to your second question is therefore unnecessary.
The relevant statute is A.C.A. 16-17-115 (Cum. Supp. 1991). This statute applies to municipal courts created under the authority of A.C.A. §§ 16-17-201—224, and 16-17-301—305. It is my understanding that the Lake Village Municipal Court was created under the authority of the former subchapter.[1] It was concluded in Op. Att'y Gen. 84-098, and again summarily in Op. No. 88-011 (copies enclosed), that under this provision, the county's financial liability is limited to paying half of the salaries of the municipal judge and clerks.
Although I concur with the conclusion of Opinions 84-098 and 88-011, and although many of the relevant provisions and cases construing them are set out in Opinion No. 84-098, the reasoning behind the conclusion is not detailed in either opinion. I will therefore undertake an explanation of the analysis which leads to this conclusion.
The relevant statute provides that:
 Except as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) the salaries of the judge and clerks of the municipal courts organized in that county under the provisions of subchapters 2 and 3 of this chapter, and the quorum court in counties subject to the provisions of either subchapters 2 or 3 or both, of this chapter shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such municipal courts. These payments shall be made out of the municipal court cost fund[2] and general revenues of the county and this duty may be enforced by mandamus proceedings.
The language of this provision, in my opinion, is ambiguous. In the first part of the sentence, the statute requires the county to pay one half the salaries of the municipal judge and clerk. In the latter part of the sentence, however, the statute refers to an appropriation to pay the "county's proportion of the expenses" of the court. The relevant question in construing the statute is whether the language the "county's proportion of the expenses" refers back to the payment of half of the salaries, or whether it refers to the payment of other expenses of the court. It is my opinion that the language refers to the payment of half the salaries and does not impose any other financial liability on the county.
A look at the legislative history of the provision leads to this conclusion. When the provision was first enacted as a part of Act 60 of 1927, it provided that "The Quorum Court in counties subject to this act shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of the municipal court herein provided, whichshall be one-half the expense of the municipal court. . . ." Acts 1927 No. 60, § 16. (Emphasis added.) As originally enacted, therefore, the section required not just half payment of the salaries, but half payment of all the expenses of the court. Act 141 of 1935 amended the section to provide for the appropriation of $1,800 to pay the county's proportion of the expenses, which the Arkansas Supreme Court interpreted as meaning that the county and city shared equally in all the expenses of the court, but the county's portion could not exceed $1,800. Crawford County v.City of Van Buren, 201 Ark. 798, 146 S.W.2d 914 (1941).
It was clear, therefore, after passage of these two acts, that the county was liable for one half of all the expenses of the court, and the Arkansas Supreme Court recognized and ordered as such.
A change was made in the law, however, by virtue of Act 206 of 1949. It amended the section to read as follows:
 The Quorum Court in counties subject to this act shall at its annual meeting make an appropriation of a sum sufficient to pay the county's proportion of the expenses of the Municipal Court herein provided, which shall be one-half of the salaries of the judge and the clerk of the municipal court. . . . [Emphasis added.]
This act, therefore, changed the law, and defined the "county's proportion of the expenses" of the court as "one-half of the salaries of the judge and clerk."
The section was amended again by Act 45 of 1951, to provide as follows:
 The county wherein a municipal court is held shall pay one-half of the salaries of the judge and the clerk of the municipal court of all municipal courts therein organized under the provisions of [A.C.A. §§ 16-17-201—224 and 16-17-301—305], and the Quorum Court in counties subject to either or both of said acts shall at its annual meeting make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such Municipal Courts. . . .
Acts 1951, No. 45 § 1.
This amendment retained the requirement that the county pay one-half the salaries of the judge and clerk and also, in my opinion, used the language of the former 1949 act ("the county's proportion of the expenses") to refer to these salary amounts.
Further evidence of this conclusion is found in the title of Act 45 of 1951. If the language of a statute is ambiguous, reference to the title may be had in resolving the ambiguity. Henderson v.Russell, 267 Ark. 140, 589 S.W.2d 565 (1979). The title of Act 45 of 1951 is "AN ACT to Provide for Payment of One-Half of the Salaries of Judges and Clerks of Certain Municipal Courts and for Other Purposes." The title does not refer to the payment of any expenses other than salaries, indicating, in my opinion, a legislative intent to restrict the financial liability of county's in such instances to the payment of salaries.[3]
It is therefore my opinion, consistent with Opinion Nos. 84-098 and 88-011, that A.C.A. § 16-17-115 limits the county's liability to one-half the salaries of the municipal judge and municipal clerks.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although it is my understanding that the ordinance creating the Lake Village Municipal Court does not specify under what subchapter it is created, it is also my understanding that it could not have been created under A.C.A. §§ 16-17-301—305, because at the time of creation, Lake Village exceeded the population limit applicable to this subchapter. It is also my understanding that A.C.A. § 16-17-401 is not applicable because at the time of the creation of the Lake Village Municipal Court there was already another municipal court in the county. Finally, A.C.A. §§ 16-17-501—503 was enacted after the creation of the Lake Village Municipal Court, and in any event, again, Lake Village exceeds the population limit of that subchapter. The only applicable subchapter, therefore, is A.C.A. §§ 16-17-201—224.
[2] This fund consists of the county's portion of the civil
filing fees, and may be used exclusively for "operation and expenses of the municipal court." See A.C.A. § 16-17-706 (Cum. Supp. 1991).
[3] Although as noted in Opinion No. 88-011, this section was amended again by Act 431 of 1987, the amendment by that act does not affect the conclusions herein.