The Honorable John Ward Circuit Judge Third Division, Sixth Judicial Circuit 201 West Third, Suite 311 Little Rock, Arkansas 72201
Dear Judge Ward:
This is in response to your request for an opinion concerning the county's obligation under A.C.A. 16-13-219 (1987) to fund the expenses and supplies of the circuit judges. This statute provides in pertinent part that "[t]he expenses accruing in the circuit courts shall be paid out of the county treasury in which the court is held in the same manner as other demands. These expenses shall include reasonable sums for the employment of secretaries by circuit judges and for reasonable office expenses and office supplies of the circuit judges." See A.C.A. 16-13-219 (a) and (b)(1). You note, however, that a county ordinance has been adopted which provides that: "[t]he only name which can be printed on letterhead purchased with county funds is the name of the elected official." Your question with regard to these facts is whether the county ordinance or the state statute would prevail in the event an elected judge wanted to place two staff names on his or her letterhead at no cost to the county.
It is my opinion that the county ordinance can have no applicability to circuit judges as circuit courts and judges are not a "local matter" over which the county has legislative authority.
In Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252 (1985), the Arkansas Supreme Court held that a circuit court and its employees are not a "local matter" over which a quorum court has legislative authority. The court therefore held that the quorum court had no authority to set the salaries of circuit court employees. It is my opinion, similarly, that the quorum court is without authority to dictate the information allowed on the letterhead of a circuit judge, (who is a state official). This is true despite the fact that the county is required by state statute to fund the office expenses of the court. Id. See also Burrow, County Judge v. Batchelor,193 Ark. 229, 98 S.W.2d 946 (1936).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh